Norton v. Thatcher.

ISAAC M. NORTON, PLAINTIFF IN ERROR, v. NELSON L. THATCHER AND WILLIAM F. McCULLOUGH, DEFENDANTS IN ERROR.

1. **Partnership:** ACTS OF PARTNER.  A partner binds the firm of which he is a partner necessarily only when he uses the name of the firm and acts within the scope of his authority.

2. ——: ——.  McC., a member of a firm, entered into the following contract: "Recd. of W. F. McC. $20, for which sum I, N. L. T., agree to give the said W. F. McC. any profits that I may have on a lot of 5350 pounds of wool over and above costs and freight.  And I, W. F. McC., agree to pay any loss that may be made in sale of wool under $1,328.75 and freight. (Signed) N. L. T.  W. F. McC."  There was a loss of $398.02 on the sale of the wool.  McC. was in partnership with N. in the grain business, but concealed the written contract, as also did T.  N. was informed that the only risk was the $20, and was not aware of the character of the contract until after the sale of the wool.  *Held*, without proof of prior authority to purchase the wool, or knowledge of the contract and its terms, N. could not be held liable, the contract not having been made for the firm.

ERROR from the district court for Adams county. The opinion states the case.

*Batty & Nelson*, for plaintiff in error.

I.   Where there is no joint purchase or joint incurring of debt, but a purchase by one to whom alone credit is given, a subsequent joint interest in the property purchased and in the business and profits depend-

ing upon it, carries no liability for the original debt. Parsons on Contracts, 172.    Story on Partnership, 248, sec. 134.    *Sylvester v. Smith*, 9 Mass., 119–121.    *Lloyd v. Freshfield*, 2 C. & P., 325.    Story on Sales, sec. 122. This principle is further illustrated by many cases. *Siffkin v. Walker*, 2 Camp., 308.    *Emly v. Lye*, 15 East, 7.    *Green v. Tanner*, 8 Met., 411.

II.    An indebtedness count can not be used, under *the code, where the action is really brought to recover upon a special contract, unless such indebtedness count does substantially · contain the terms of the special contract.*    Swan's Pleading and Precedents, 57.    The code requires the petition to contain the facts as they actually exist.    General Statutes, 539, sec. 92.

III.    To maintain assumpsit for goods sold and de-livered against two defendants, the plaintiff must show a joint original promise by the defendants.    *Fuller v. Miller*, 57 Me., 168.    1 Chitty Pleadings, 346.    And cannot under such count (as is sought to be done in this case) show that one of the defendants was not orig-inally liable, but became so, if at all, by some subse-quent action of said defendant.    Id.

IV.    The contract must be stated correctly, and if the evidence differ from the statement the whole foun-dation of the action fails, because the contract is entire in its nature, and must be proved as laid.    1 Chitty Pleadings, 305.

*Ash & Scofield*, for defendants in error.

I.    It is conceded that the plaintiff in error, Isaac M. Norton, and William F. McCullough were general partners, engaged in the business of buying and selling wheat, wool, and other produce, at the time the contract

was made for the purchase of the wool in question, and the act of McCullough in making this contract is the act of the firm, and binds the plaintiff in error.    3 Kent's Com., 12 Ed., 41, and cases cited.

II.    McCullough swears that the wool was purchased on account of the firm, and through his testimony shows that he said something about taking it on his individual account if plaintiff objected to the transaction.    Yet the testimony of all the witnesses shows that the $20 paid on the purchase were company funds; that the transaction was put upon the company's books, and the plaintiff assumed control of the property as company property and directed the sale of the wool, all the time acknowledging it to be company property. These acts estop him from saying it was not a company matter.

III.    Plaintiff complains in his testimony that he is not liable to defendant, for the reason that his partner did not explain to him that the firm was to share the loss on the wool, if any.    This is a matter between the partners, and if of any importance can not affect third parties.

IV.    In this case there is no material variance between the pleadings and proofs.    *Hogg v. Zanesville Canal Co.,* 5 Ohio, 410.    *Moore v. Gano,* 12 Ohio, 300. *Hoffman v. Gordon,* 15 Ohio St., 211.

MAXWELL, CH. J.

On the twenty-seventh day of April, 1878, N. L. Thatcher filed a petition, of which the following is a copy, in the district court of Adams county:

"Nelson L. Thatcher v. Isaac M. Norton and William F. McCullough, late doing business under the firm name of Norton & McCullough, defendants.    The

Norton v. Thatcher.

plaintiff states that on or about the sixth day of July, 1877, the said defendants, Isaac M. Norton and William F. McCullough, were indebted to the said plaintiff in the sum of three hundred and ninety-eight dollars and two cents, as balance due on account for a certain lot of wool, by the said plaintiff before that time sold and delivered to the said defendants at said defendants' special instance and request, which said sum of money the plaintiff avers was then due and payable, and yet said defendants, though often requested, have not paid said sum of money nor any part thereof. Wherefore the said plaintiff prays judgment, etc."

The defendants answered separately, denying the indebtedness; McCullough also alleged in his answer that said wool was sold to the firm of Norton & McCullough, to be accounted for to the plaintiff as soon as the wool should be sold by the said Norton & McCullough; that before said wool was sold the firm of Norton & McCullough dissolved partnership, and that plaintiff agreed with him (McCullough) that he would not hold him responsible, but would look to Norton, who was then conducting the business in his own name. The plaintiff in his reply denied " each and every allegation of new matter contained in the answer." Upon the trial of the cause, judgment was rendered in favor of Thatcher for the sum of $398, and costs, against the defendants jointly. Norton brings the cause into this court by petition in error. The only error assigned is that the finding of the court—a jury having been waived by the parties in controversy—is contrary to law and against the weight of the evidence.

During the progress of the trial the following contract was read in evidence:

"HASTINGS, July 6, 1877.

"Received of W. F. McCullough twenty dollars ($20) for which sum I, N. L. Thatcher, agree to give the

said W. F. McCullough any profits that I may have on a lot of 5,350 pounds of wool over and above costs and freight; and I, W. F. McCullough, agree to pay any loss that may be made in sale of wool under $1,328.75, and freight.

"(Signed)          "N. L. THATCHER,
                   "WM. F. McCULLOUGH."

It appears from the testimony that Norton and McCullough were in partnership in the grain business at the time this contract was entered into, although the exact scope of the partnership business nowhere clearly appears. Norton was absent in Chicago at the time the contract was made, and it appears that McCullough told Thatcher at the time that "if Norton did not want to take an interest he need not." Upon the return of Norton from Chicago, he testifies that McCullough informed him that "there was only $20 at stake, he gave that for the chance of the profits." He also testifies that he said nothing about making up the losses. McCullough testifies that on Norton's return he informed him of the contract, but as it is apparent that he said nothing to Norton about the written contract his statement may well be doubted. The wool was sold on the twenty-first of December, 1877, for the sum of $1,188.09, the charges and commissions being $196.81. After the sale of the wool, an attempt appears to have been made to collect the balance from Norton, when he applied to Thatcher for information about the matter, and was then informed for the first time about the written contract. It is claimed that Norton and McCullough being in partnership, therefore Norton is bound by this contract.

The principle is well settled that the acts or contracts of one partner with reference to the partnership business and affairs, are to be deemed the acts and

contracts of all. *Converse v. Shambaugh*, 4 Neb., 378; *Mayberry v. Willoughby*, 5 Id., 368.

But a partner binds the firm, necessarily, only when he uses the name of the firm (Parsons on Partnership, 95), and when he acts within the scope of his authority. In this case it is shown beyond question that the contract was entered into by McCullough in his own name, he at the time stating to Thatcher that Norton need not be a party to the transaction unless he desired, consequently the sale was not made to the firm. Neither does the petition allege that the wool was sold to these parties as partners. In the title of the case it is said, "late doing business under the firm name of Norton & McCullough," but this is a mere description of the persons. There is no allegation in the petition that this contract was made by the firm, or that such a firm was in existence at the time it was entered into. But it is sought to hold Norton liable upon the ground that he subsequently ratified the act of his co-partner. In order to prove a subsequent ratification there must be evidence of previous knowledge, on the part of the party ratifying, of all the material facts. When such facts are shown a subsequent ratification is equivalent to original authority. In this case the evidence clearly shows that the written contract was concealed from Norton, both by McCullough and Thatcher, until after the sale of the wool. The clear weight of testimony shows that this was not a partnership transaction, and fails to show that Norton had notice of the terms of the contract, without which there could be no ratification. For these reasons the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.