LEOPOLD LEVI, PLAINTIFF IN ERROR, V. DIANTHA LATHAM, DEFENDANT IN ERROR.

1. **Partnership—nontrading:** NOTE: AUTHORITY OF ONE MEMBER TO MAKE. One partner in a non-trading partnership cannot bind his co-partner by a promissory note made by him in the firm name unless he has express authority therefor, or the giving of such note is necessary to the carrying on of the business or is usual in similar partnerships.

2. ——: ——: BURDEN OF PROOF. In such case, the burden is upon the party suing on the note to prove such authority, necessity, or usage; and the fact that such partnership, by the express consent and approval of each of the members, had on one occasion borrowed money from the payee of the note will not be held to give such authority, especially when the note is given for money borrowed by the member of the firm executing it for his own use and not for the firm.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

Watson & Wodehouse (O. P. Mason and R. D. Stearns with them), for plaintiff in error, cited: Elliott v. Dudley, 19 Barb., 326.  Spuck v. Leonard, 9 Brad., 174.  Mercein v. Mack, 10 Wend., 461.  Smith v. Sloan, 37 Wis., 285.  Kimbro v. Bullitt, 22 How., 256.

L. C. Burr, for defendant in error, cited: Parsons Part., 61.  Smith v. Knight, 71 Ill., 148.  Peck v. Lust, 38 Iowa, 93.

REESE, J.

This action is upon a promissory note executed in the firm name of Monroe & Levi.  The plaintiff in error and one Horace Monroe were engaged in the business of keeping a livery stable under the firm name of Monroe & Levi. During the existence of the partnership, Monroe borrowed of the defendant in error the sum of two hundred dollars, and executed to her a promissory note of the firm for that amount due in ninety days.  This money was borrowed by Monroe for his own individual use, without the knowledge or consent of Levi, and none of it was used by the firm or went into the assets of the partnership.

We think the law is well settled that one member of a non-trading partnership has no authority to bind his co-partner by a note made by him in the firm name without express authority therefor from his co-partner, or where the giving of such instrument is necessary to the carrying on of the partnership business, or is usual in similar partnerships; and the burden is upon the party suing on a note given by one member of such firm to prove such authority, necessity, or usage.  Smith v. Sloan, 37 Wis., 285.  Kimbro v. Bullitt, 22 How., 256.  Zuel v. Bowen, 78 Ills.,

234. *Greenslade v. Dower*, 7 B. & C., 635. *Ulery v. Ginrich*, 57 Ills., 531. *Hunt v. Chapin*, 6 Lans. (N. Y.), 139.

The testimony introduced on the trial of the cause in the district court does not disclose any such authority, necessity, or usage, and there is nothing in the record which will sustain a conclusion that either existed. It is true there was proof that the firm at one time and prior to the giving of the note set out in the petition of the defendant in error, borrowed of the defendant in error the sum of five hundred dollars, but this transaction was made by both members of the firm acting together, both being present at the time the note was given and the money received, and from this transaction we fail to see wherein any conclusion can be drawn that any authority was given, either express or implied, to one member of the partnership to bind the firm by the execution of the note declared on.

From the testimony introduced on the trial, we are satisfied that the firm of ·Monroe & Levi was a non-trading partnership.

On the trial the court instructed the jury as follows: "If the jury finds from the testimony that the firm of Monroe & Levi had, before the giving of the note sued on, and but a short time prior thereto, borrowed money from the plaintiff, you are instructed that the borrowing of such money was holding out to the plaintiff that she might loan to the firm, at the request of either, other sums until she was notified by the firm or either member thereof that the firm ·had ceased to borrow money for its use." To the giving of this instruction the plaintiff in error excepted.

The plaintiff in error asked the court to give to the jury the two following instructions:

"2d. The jury are further instructed that where a note is given in the name of the firm by one partner in payment of his own individual debt, the law raises a presumption that it was done without the knowledge or consent of the

other partner, and the burden of proving said knowledge and consent is upon the party alleging it."

"4th.    The jury are further instructed that, if you find from the evidence that Monroe gave the note in controversy in the name of the firm of Monroe & Levi for money borrowed by him (Monroe) without the consent of Levi, then you will find for the defendant Levi."

The court refused to give these instructions, to which the plaintiff in error excepted.

In giving the first instruction above quoted, and in refusing to give the two last, we think the court erred. The first being in conflict with the law applicable to such partnerships as hereinbefore stated, and the two last being in harmony with that rule.

The judgment of the district court is reversed, and a new trial ordered.

REVERSED AND REMANDED.

THE other judges concur.