THE WOODS INVESTMENT COMPANY v. PALMER.

1. CORPORATIONS—POWERS.
A corporation having general power to purchase real estate has power to purchase incumbered real estate, and this necessarily includes power to assume the incumbrance.

2. CONTRACTS—ASSUMPTION OF INCUMBRANCE.
The deed accepted by defendant contained the following exception to the clause of general warranty: "Except an incumbrance of twenty-three hundred dollars, bearing six per cent interest, and also the taxes of 92, which party of the second part agrees and assumes to pay." *Held*, that the obligation assumed was to pay both the incumbrance and the taxes.

3. APPELLATE PRACTICE—ASSIGNMENTS OF ERROR.
It is required that, in assignments of error, each error be separately alleged and particularly specified.

*Appeal from the County Court of Arapahoe County.*

Messrs. TOLLES & COBBEY, for appellant.

Mr. J. E. ROBINSON, for appellee.

THOMSON, J., delivered the opinion of the court.

This is an action by P. L. Palmer against The Woods Investment Company to recover the amount due upon a promissory note, with the payment of which the defendant is alleged to be chargeable. The complaint avers that on the 10th day of September, 1892, Elizabeth J. Wilson and R. T. Wilson made their promissory note to the plaintiff for $500, due in one year, with 6 per cent interest per annum, and secured it by a trust deed on certain real estate in Denver, and that on the 18th day of July, 1893, the defendant purchased the property from Mrs. Wilson and assumed the payment of the note.

The answer denied each and every allegation of the complaint, except such as it expressly admitted ; admitted the making of a deed of the property by Elizabeth J. Wilson to the defendant; averred that there was a trust deed on the property, prior to the one involved in this controversy, for about $1,800 ; denied that the defendant assumed or agreed to pay the Wilson note, or any other claim ; denied that the payment of any such note was part of the consideration of the purchase ; and alleged that the assumption of the payment of the note did not come within the business for which the defendant was incorporated, and that no officer or agent of the corporation had authority to assume the payment of the note, or make any contract for its payment by which the defendant would be bound.

The note given by the Wilsons to the defendant and the trust deed securing it were in evidence. The trust deed provided that it was subject to a prior deed of trust to The Lombard Investment Company for $1,800. The deed from

Mrs. Wilson to the defendant contained the following clause:
" And the said Elizabeth J. Wilson, the party of the first
part, for herself, her heirs, executors and administrators,
does covenant, grant, bargain and agree to and with the said
parties of the second part, their heirs and assigns, that at the
time of the ensealing and delivery of these presents * * *
the same are free and clear from all former grants, bargains,
sales, liens, taxes, assessments and incumbrances, of whatever
kind or nature, except an incumbrance of twenty-three hun-
dred dollars, bearing six per cent interest, and also the taxes
of 92, which party of the second part agrees and assumes to
pay." R. T. Wilson testified without objection that in the
transaction between Elizabeth J. Wilson and the defendant
he acted as her agent, and that the note for $500 to the
plaintiff was part of the indebtedness of $2,300 mentioned
in the deed to the defendant. The only evidence in behalf
of the defendant was the testimony of Warren Woods, an
officer of the defendant company, but he said nothing to
contradict, weaken, or alter the effect of, the other evidence.
The court instructed the jury to return a verdict for the
plaintiff, which they accordingly did, and from the judgment
which followed the verdict the defendant has appealed.

The defendant contends that it was incumbent upon the
plaintiff to allege and prove that the contract to assume and
pay the incumbrance held by the plaintiff fell within the
legal powers of the corporation, and that the agents or
officers making the contract had authority for that purpose.
The answer sets forth that the defendant was without such
power, and its agents and officers without such authority.
In the argument a distinction is carefully drawn by the
defendant's counsel between the deed itself and the agree-
ment for the assumption of the debt, and it is contended
that they are independent contracts, so that, following the
argument to its logical conclusion, the defendant may retain
the benefit of the conveyance, and repudiate its assumption
of the debt. The answer admits the making of the deed to
the defendant, and this admission includes the defendant's

power to purchase the land. The answer denies the defendant's power or the authority of the defendant's agents to assume the indebtedness, but does not deny the power or authority to make the purchase. We are therefore relieved of the necessity of inquiring how far, in the matter of the purchase, a plea of *ultra vires* would be entitled to consideration, because the requisite power of the defendant, and the authority of its agents for that purpose, appear conclusively from the pleadings. Now the general power to purchase real estate necessarily includes the power to purchase incumbered real estate, and the power to purchase incumbered real estate as necessarily includes the power to assume the incumbrance.

The defendant in its purchase of this property assumed incumbrances to the aggregate amount of $2,300, of which the one held by the plaintiff was a part. Counsel criticise the words " agrees and assumes to pay " as being ambiguous and unintelligible ; and they also contend that in the connection in which they occur they apply only to the taxes of '92. We concede that the expression is awkward, and would sound better if the words "agrees" and "assumes" were transposed, but its meaning is entirely clear. The phraseology of which the words form a part is the expression of an agreement, and the agreement is to pay both the incumbrance and the taxes. There is no way, without doing violence to language, by which its application can be limited to the taxes. The acceptance of the deed by the defendant made the agreement its contract, the contract was part of the consideration of the purchase, and the obligation which it assumed, to pay the note and discharge the incumbrance, was absolute. *Burbank v. Roots*, 4 Colo. App. 197.

Defendant assigns for error that the court permitted the plaintiff to offer evidence which was objected to at the time by the defendant, and that the court excluded evidence offered by the defendant. We do not know how the court could prevent the plaintiff from *offering* evidence. It could refuse to admit evidence, and we suppose it is the *admission*

of the evidence that counsel intend to question by the assignment. Rule 13 of this court is as follows: "Appellants and plaintiffs in error shall assign errors in writing at the time of filing the transcript of the record, and each error shall be separately alleged and particularly specified." The assignment we have referred to is entirely general, and covers a large number of rulings. Nearly all the evidence offered by the plaintiff, both oral and documentary, was objected to by the defendant, and most of it was admitted; but our attention is not directed by the assignment to any particular instance in which the ruling is claimed to be erroneous. So, also, a large number of questions propounded by the defendant to its witnesses were adjudged improper, but no specific ruling is called in question by the assignment. We would be justified in entirely ignoring the assignment, but we have nevertheless gone through the record carefully, and find no error. The evidence was all in one direction, and the court properly directed the jury to return a verdict for the plaintiff. Let the judgment be affirmed.

*Affirmed.*