COLUMBIA NATIONAL BANK OF LINCOLN V. H. M. RICE & COMPANY.

FILED MAY 6, 1896. No. 6509.

1. **Partnership Property**: INDIVIDUAL TRANSFERS. One member of a partnership has no implied authority to dispose of property of the partnership in satisfaction of his individual debt, or for his individual benefit.

2. ———: ———: NOTICE. One in such case dealing with a partner, knowing that he is receiving partnership property, and that its proceeds are passing to the individual use of the partner, is charged with notice of such partner's want of authority in the transaction.

3. ———: ———: EVIDENCE OF AUTHORITY: ESTOPPEL. The declarations of the partner conducting the transaction, that he has authority so to do, are insufficient to establish such authority or create an estoppel against the other partners in favor of one relying on such declarations.

4. ———: ———: RATIFICATION. In order to constitute a ratification of an unauthorized act the act relied on as such ratification must be performed with knowledge of the material facts, in the absence of circumstances creating an equitable estoppel.

5. **Evidence**: ADMISSIONS. The testimony on another trial of an officer of a corporation with relation to previous corporate acts cannot be proved as an admission binding upon the corporation.

6. **Rulings on Evidence**. Certain rulings on the admission of evidence presenting no new question of law examined and sustained.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Atkinson & Doty*, for plaintiff in error.

*Deweese & Hall, contra.*

IRVINE, C.

The Columbia National Bank brought this suit against H. M. Rice & Co., a copartnership composed of H. M. Rice and the State Journal Company, a corporation, to re-

cover on a promissory note for $150 and upon an overdraft of $67.42. The defendants denied the allegations of the petition and pleaded a counter-claim of $500 as a balance due on account of the sale and delivery by Rice & Co. to the bank of a safe. The reply admitted the counter-claim, but alleged payment. A jury was waived and the case tried to the court, which found for the plaintiff on its petition and for the defendants on their counter-claim, and rendered judgment in favor of the defendants for the excess of the counter-claim over the amount claimed in the petition. There was no dispute on the trial as to the validity of plaintiff's claim; the whole controversy concerns the counter-claim. The evidence discloses that at the time the Columbia National Bank was organized, Rice, acting for Rice & Co., sold the safe in question to the bank for $1,200. Rice individually subscribed for $500 of stock in the bank. The bank paid Rice & Co. $700 in cash or its equivalent, and credited the remaining $500 due upon the safe to Rice in payment of his subscription to stock in the bank. It is by this credit that the bank claims to have discharged the balance due upon the safe.

The plaintiff invokes the rule that a partnership is bound by the acts of one of its partners within the scope of the partnership business; but counsel, in argument, overlook the qualification indicated by the latter part of the rule, which is a feature of all the cases they cite in support of their position. It was not within the scope, or the apparent scope, of the business of the partnership to dispose of its property for the individual benefit of Rice. In *Norton v. Thatcher*, 8 Neb., 186, it was held that a partner binds the firm necessarily only when he uses the name of the firm and acts within the scope of his authority. In *Howell v. Wilcox & Gibbs Sewing Machine Co.*, 12 Neb., 177, it was held that one partner has no power to bind the firm by promissory notes given in renewal of such partner's individual notes. In *Levi v. Latham*, 15 Neb., 509, it was held that a partner in a non-

trading partnership cannot bind his copartner by a promissory note in the firm name unless he has express authority therefor, or the giving of such note was necessary to the carrying on of the business, or was usual in similar partnerships, and in such case the burden is upon the party suing on the note to prove authority; and especially was the firm not bound when the note was executed for the individual benefit of the partner making it. In *Tolerton v. McLain*, 35 Neb., 725, it was held that a partner has no right to pledge notes owned by the partnership for the payment of his individual debt. In *Cady v. South Omaha Nat. Bank*, 46 Neb., 756, the rule was announced *arguendo*, but with abundant citation of authorities, that a partner cannot, without the consent of his copartners, apply the firm property in satisfaction of his individual liabilities; and that the burden is cast upon the person receiving the property to prove either consent of the other partners or facts creating an equitable estoppel. The case is so plain on principle that we do not deem it necessary to cite any foreign cases. Those from our own state already cited are sufficient to establish the principle. The evidence in this case was somewhat conflicting, but certainly sufficient to sustain the finding that Rice either disposed of the safe in settlement of his private subscription to stock in the bank, or else that, having sold the safe to the bank, he undertook to have the debt owing therefor applied in satisfaction of his subscription to the stock; that this was done without the consent or knowledge of the other partners, and that the bank was aware that the subscription to the stock was that of Rice individually and not of the firm. Under these circumstances it was charged with notice of his want of authority. There was evidence tending to show that Rice had represented to the bank that he had authority to so use the firm property; but the authority of a partner to act on behalf of the firm is based upon the general principles regulating the authority of agents; and it is a primary principle that the authority of an

agent cannot be proved by the declarations of the agent himself. So that Rice's declarations on this behalf did not bind the firm. The bank dealt with him at its peril. (*Stoll v. Sheldon*, 13 Neb., 207; *Nostrum v. Halliday*, 39 Neb., 828; *Burke v. Frye*, 44 Neb., 223; *Richardson & Boynton Co. v. School District*, 45 Neb., 777.) Nor does the rule that where one of two innocent parties must suffer, that one who has placed the wrongdoer in position to work the injury must sustain the loss, apply to this case. That rule applies where the act was within the apparent authority of the agent. (*City Nat. Bank of Hastings v. Thomas*, 46 Neb., 861.) Here the act was not within the agent's apparent authority.

It is contended that the evidence shows that the State Journal Company ratified the act of Rice by making a claim to the stock; but the evidence in that respect tends to show that this was merely by serving a notice upon the bank that the State Journal Company claimed an interest in the stock. This notice was served after Rice had absconded, greatly in debt to the partnership, and its object was merely to keep such property of Rice as could be ascertained within reach. It was served before the State Journal Company had any notice that the stock had been issued in part payment for the safe. A ratification, to be effectual, must be made with knowledge of the facts, and therefore the evidence sustains the finding in favor of the defendants in that respect.

Several assignments relate to rulings on the evidence. A witness was asked, referring to Mr. Hathaway, the treasurer and general manager of the State Journal Company: "I will ask you if you heard him testify in regard to this stock, and if so, what he said in regard to it as to whether the State Journal Company had any interest in the stock or not?" An objection to this question was sustained. The question referred to testimony given by Hathaway on the trial of this case in the county court. The ruling of the district court excluding the testimony was right. The State Journal Company was a corpora-

tion, and was not bound by the admissions of its officers, unless they had been authorized to make such admissions, or unless the admission was competent as a part of the *res gestœ*, or unless the fact of the admission was in issue between the parties. (1 Morawetz, Private Corporations, sec. 540a.) Hathaway's testimony in the county court was not a part of the *res gestœ*, nor did it fall within the other classes of admissible statements. Nor was it admissible for the purpose of impeaching Hathaway, because no foundation had been laid for such proof on his cross-examination. An objection to a question put to Hathaway was sustained as not being proper cross-examination; but during the further progress of the case the plaintiff was permitted to ask substantially the same question of the same witness, and it was answered. If, therefore, the sustaining of this objection was erroneous, the error was cured. When Rice was on the stand as a witness for the plaintiff, he was asked whether or not at the time he gave the receipt to the bank for the balance due on the account he had any authority to sign the name of Rice & Co. thereto. An objection to this question was sustained. Perhaps it would not have been error to have overruled the objection; but Rice's authority was to be proved by facts, and not by his conclusion as to what his authority was. Therefore the court did not err in sustaining the objection to the question in the form in which it was put. The following question was asked Rice: "Do you know whether or not, on the books of H. M. Rice & Co., in account with the Columbia National Bank, it showed an item of stock of $500? If so, state what you know about it." An objection to this question was properly sustained. It is perhaps true, as plaintiff contends, that, as preliminary to the offer of the books, it might be shown in a general way whether they contained an item with reference to the transaction; but the latter part of the question plainly called for the contents of the books on that subject, and it was, therefore, not the best evidence. An

answer to a question the court refused to strike out as not responsive.   This was not error in a case tried without the intervention of a jury.

JUDGMENT AFFIRMED.