[No. 4032.]

THE EXTENSION GOLD MINING AND MILLING CO. v.
SKINNER ET AL.

28  237
31  258

1.  CORPORATIONS—CONTRACTS—AUTHORITY OF AGENT—NOTICE.

A corporation can only act through its authorized agents, and one contracting with a corporation is bound to take notice of the extent of authority of its agents and officers with whom he contracts.

2.  SAME—BOARD OF DIRECTORS.

Where the by laws of a corporation vested the board of directors and president with the general management of its affairs the directors could only act as a board and not individually, and a contract made with the secretary and treasurer who was also a director was not binding on the corporation.

3.  AGENCY—EVIDENCE—AUTHORITY—DECLARATIONS OF AGENT.

The declarations of an agent are not competent to establish his authority as such agent.

4.  PRINCIPAL AND AGENT—RATIFICATION.

To constitute a ratification of an unauthorized act of an agent, the act relied upon as such ratification must be performed with knowledge of all the material facts.

5.  CORPORATIONS—CONTRACTS—BURDEN OF PROOF.

Where one attempts to enforce a contract made with an officer of a corporation, the burden of proof is on him to establish that the contract is binding on the corporation.

6.  CORPORATIONS—CONTRACTS—COMMISSIONS—RATIFICATION.

Where after a corporation had made an assignment for the benefit of creditors the secretary and treasurer, who was also a director, contracted with agents to pay a commission for the sale of the corporation property, the contract was not binding on the corporation. And the fact that the president joined the assignee in a petition to the court for leave to sell the property to the purchasers furnished by the agents was not a ratification of the contract for commission where .the president and other officers of the corporation had no knowledge of the contract made with the secretary.

*Error to the District Court of Arapahoe County.*

Defendants in error claim to have entered into a contract with plaintiff in error, whereby they were employed by the

latter to sell its mining property, by the terms of which it was provided that if a sale was effected, they were to receive a specified sum; that by virtue of this agreement, they negotiated a sale of such property, upon terms and conditions satisfactory to the company. To enforce their demand under this contract, they brought this action in the court below. From a judgment in their favor, the company brings the case here for review on error.

It appears that the defendant company is a corporation organized under the laws of this state; that by its articles of incorporation, the management of its affairs is under the control of a board of five directors. The by-laws of the company provide that the president of the board has general charge of its business. The duties of the secretary are practically of a clerical nature, and those of its treasurer are limited to the custody of its funds and the keeping of accounts in connection therewith. The agreement in question was made with Henry M. Fair, who was then a member of the board and secretary and treasurer of the company. Previous to this arrangement, the company had made a general assignment for the benefit of its creditors, and the title to all its property was vested in an assignee. The only evidence tending to prove that Fair was authorized to enter into the contract with plaintiffs for the company, is that introduced in their behalf, which was to the effect that he represented to them that he was secretary of the company, had mining property for sale, and if they could secure a buyer, he would pay them a commission; that he had papers relating to shipments of ore from the property, which he was endeavoring to sell; and visited the mine on several occasions.

The contract of sale which plaintiffs claim to have negotiated was executed by the assignee of the company, in that capacity, and the prospective purchaser. The latter was obtained through the efforts of plaintiffs. The terms and conditions of this contract had been previously approved by the

court.   The president and secretary of the company signed
the petition of the assignee  addressed to the court for  leave
to sell.   The evidence establishes affirmatively that Fair had
no authority from any officer of the company or its board, to
enter into the contract in question.   It also appears that at
the time the contract of sale was executed no officer of the
company, except Fair, had any knowledge that the latter had
employed plaintiffs to secure a  purchaser, or had  agreed  to
pay them a commission if they succeeded.

Messrs. FELKER & DAYTON for plaintiff in error.

No appearance for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The contract upon which  plaintiffs base their right  to re-
cover from the company was not binding on the latter unless
Fair was its agent, authorized to make such contract, or  the
company  ratified this act.   The defendant could only act
through its lawfully authorized agents.   One dealing with a
corporation is  bound to take notice of the extent of the
authority of its agents and officers with  whom he  contracts.
17 Enc. Law, 142.   According to the articles of incorpora-
tion and by-laws of the company, the board of directors and
president were the only officers vested with the general man-
agement of its affairs.   The directors could only act as a
board, and not individually.   *Lockwood v. Thunder Bay
Boom Co.*, 42 Mich. 536; *Baldwin v. Canfield*, 26 Minn. 43;
*Herrington v. District Twp.*, 47 Iowa, 11.

Hence, the individual action of Fair, although a member
of the board, did not bind the company.   As secretary and
treasurer he had no authority to enter into the contract in
question.   His declarations were not competent to prove that
he was authorized to make such contract.   *Union Mining
Co. v. Rocky Mt. Bank*, 2 Colo. 565; *Columbia Bank v. Rice*,

67 N. W. Rep. 165.

There was no other evidence tending to prove that he was an agent of the company, with power to enter into the agree. ment, upon which plaintiffs. rely. The fact that the assignee executed the agreement for the sale of the property to a prospective purchaser who, had been secured through the efforts of plaintiffs, or . that the president of the company signed the petition of the assignee for leave to enter into this contract, would not be a ratification of the unauthorized agreement made by Fair with plaintiffs. On this subject counsel for plaintiff in error, in their brief well state: "In order to constitute ratification of an unauthorized act the act relied on as such ratification must be performed with knowledge of all the material facts."

The consent of the company to the contract executed by the assignee was without knowledge on the part of any of its officers or agents, except Fair, that the latter had entered into an agreement with plaintiffs to pay them a commission for securing a purchaser, so this act of the company did not result in ratifying the act of Fair. It could not ratify a contract regarding which it had no knowledge. *Columbia Bank v. Rice, supra; Nichols v.Bruns,* 37 N.W.Rep. 752; *Reynolds v. Ferree,* 86 Ill. 570; *Wheeler v. N. W. Sleigh Co.,* 39 Fed. Rep. 347; *Owings v. Hull,* 9 Peters, 608; 11 Curtis, 497.

The burden of proof was upon the plaintiffs to establish that the contract made with Fair was binding upon the company. The evidence upon their part not only failed to prove such a contract, but, on the whole, established affirmatively that the company was not bound by the original contract, and that it was not ratified.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and Remanded.*