[No. 4440.]

CASTNER v. RINNE ET AL.

1. **Principal and Agent—Evidence—Declarations of Agent.**

The relationship of principal and agent cannot be established by the declaration of the alleged agent.

2. **Same—Trusts and Trustees—Lodges—Parties.**

The fact that a party is a trustee for a lodge is not of itself sufficient from which to infer that he had authority to make a contract for the sale of property belonging to the lodge, and the fact that he was sued as such trustee together with the lodge to recover commissions would not make his statements admissible against the lodge for the purpose of showing his authority to act as agent of the lodge.

3. **Principal and Agent—Evidence—Declarations of Agent.**

In the absence of proof that an alleged agent had authority to represent his principal in a transaction the declarations of such alleged agent are not binding upon the principal.

4. **Same.**

In an action against a lodge to recover commission for selling property of the lodge, a statement by a lodge trustee that he had paid the commission to another party did not tend to show that the lodge was indebted to plaintiff or recognized that he was instrumental in selling its property.

5. **Evidence—New Trial—Newly Discovered Testimony.**

In an action against a lodge for commissions for selling property belonging to the lodge the admission of a member of the lodge that the trustees had appointed the person who employed plaintiff their agent to sell the lodge's real estate and that the lodge had recognized their action would not be competent testimony and a new trial should not be granted on the ground of newly discovered evidence based upon such admission.

*Error to the County Court of Arapahoe County.*

Action by plaintiff in error against defendants in error as trustees of Germania Lodge No. 14, Independent Order of Odd Fellows, to recover commissions for the sale of real estate belonging to the lodge. The plaintiff claimed to have obtained his authority to sell the property in question from a Mr. Rinne as the agent of the lodge. At the conclusion of the case on the part of plaintiff, a motion for nonsuit by defendants was granted, for the reason that the testimony failed to show that Mr. Rinne had any authority to act for the lodge, or that the latter ever ratified his alleged arrangement with the plaintiff. Plaintiff brings the case here for review on error. The substance of the testimony bearing on the subject of alleged agency and ratification is stated in the opinion.

Mr. C. M. BICE, for plaintiff in error.

Mr. J. P. HEISLER, for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Plaintiff states in substance that he called on Mr. Rinne, who said the lodge owned the lots; that "he was the manager or secretary or something of the lodge," and gave him the price upon which the lodge would pay the regular commission in case of a sale. Plaintiff claimed to have been instrumental in making a sale of the property to Mr. Bothwell. Plaintiff also testified that at the conversation with Mr. Rinne, the latter told him he had money of the lodge to loan, and also that it had other property for sale, upon which he gave the price, stating that at these figures regular commissions would be paid. He further stated that after the sale to Mr. Bothwell, he called on Mr. Rinne who refused to recognize that he was entitled to any commission, stating that he

had paid commissions to a man by the name of Marshall.

The statements of Mr. Rinne, that he represented the lodge in any capacity did not establish his authority to act for the lodge. The declaration of a party to the effect that he is the agent of another does not establish the relationship of principal and agent.—*Union M. Co. v. Rocky Mt. Bank,* 2 Colo. 565; *Extension G. M. Co. v. Skinner,* 28 Colo. 237; *Murphy v. Gumaer,* 12 Colo. App. 472.

Neither did the testimony establish, as claimed by counsel for plaintiff in error, that the lodge held Mr. Rinne out to the world as its agent, and was therefore bound by those acts within the apparent scope of his authority. All there is in that proposition is the alleged statements of Mr. Rinne as stated by plaintiff, to the effect that he had other property of the lodge for sale and was handling its funds. These statements come under the rule above stated, that agency cannot be established by the declaration of the alleged agent. Counsel for plaintiff recognize this rule, but contend that because Mr. Rinne was a trustee and the action is against him in that capacity, that his statements above noticed were binding as the admissions of a defendant. That he was a trustee or was sued in that capacity, does not change the rule. In his conversation with plaintiff he did not claim to be acting for himself, but as the representative of another. The fact that Mr. Rinne was a trustee of the lodge was not of itself sufficient from which to infer that he had authority to make a contract for the sale of property belonging to the lodge. The rule of law invoked by counsel for plaintiff to the effect that a contract on behalf of an association by an officer of the character which it could enter into is *prima facie* binding upon the association, does not apply except in those cases where the relationship

between the principal and agent is such that by reason of the presumed authority of the agent arising from his relationship to his principal, like that of president or general manager of a corporation, it could be inferred he had authority to act with respect to the subject-matter of the contract. Ratification of the alleged contract between Mr. Rinne and the plaintiff is claimed upon the ground that the lodge appropriated money to pay commissions and gave this money to Mr. Rinne, who claims to have paid it to a Mr. Marshall. There is no testimony that the lodge ever made any appropriation for the purpose claimed. The only testimony on the subject is the statement of plaintiff, who says that Mr. Rinne claimed to have paid the commissions to Marshall. This statement, in the absence of proof that Rinne had authority to represent the lodge in the transaction, was not binding upon it; but waiving that question, the statement of Rinne would certainly not tend to prove that the lodge was indebted to the plaintiff, or recognized that he was instrumental in selling its property.

The only remaining question is the alleged error of the court in refusing to grant a new trial based upon newly discovered evidence. The affidavit supporting this motion was to the effect that an active member of the lodge, naming him, had admitted that the trustees of the lodge had appointed Mr. Rinne their agent to sell the lodge's real estate, and that the lodge had recognized this action. In disposing of this question it is sufficient to say that the alleged admissions of a mere member with respect to the matters mentioned would not be competent testimony.

The judgment of the county court is affirmed.

*Judgment affirmed.*