No. 10,918.

BARTELS, ET AL. *v.* PEQUOT REAL ESTATE AND INVESTMENT
CO.

Decided July 7, 1924.

Action by real estate brokers for commission.   Judgment·
of dismissal.

*Affirmed.*

1.   CORPORATIONS—*Authority of Agent.* Apparent authority in the
   vice president of a corporation to receive rents, arrange for
   insurance, and make repairs on its property, furnishes no sup-
   port for the claim of apparent authority in him to sell its real
   estate.

2.   NONSUIT—*Court Trials.* Motion for a nonsuit in a trial to the
   court is not improper.

*Error to the District Court of the City and County of
Denver, Hon. Henry J. Hersey, Judge.*

Messrs. BARTELS & BLOOD, Mr. H. C. TALLMADGE, for
plaintiffs in error.

Mr. H. RIDDELL, Messrs. CLAY & BENTON, for defendant
in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

FOR convenience we refer to these parties as in the trial
court, where they appeared in the same order as here.

Plaintiffs brought this action to recover a commission on
a sale of real estate.   The cause was tried to the court
without a jury.   At the close of plaintiffs' evidence defend-
ant moved for nonsuit.   That motion was sustained and to
review the judgment thereupon entered plaintiffs bring
error.

Defendant was authorized to buy and sell real estate and evidences of indebtedness. The property for the sale of which the commission in question is claimed was the Southard Hotel in the city of Denver. Defendant had owned that property for more than twenty years last past and for several years had owned the Hotel Kane which it had taken over to protect an investment. It had also owned and sold a vacant lot. No other real estate transactions are disclosed by the record. L. B. Brown was president, James C. Burger vice-president, and one Atchison acting secretary, of defendant company. Practically all of the stock was owned by Brown and Burger. During most of the time defendant had owned the Southard Hotel plaintiff L. F. Bartels, or his company, had acted as agents in collecting rents, writing insurance and attending to repairs. This business had formerly been transacted with Brown, later with Burger, and rent was frequently paid by plaintiffs to Atchison. Under some sort of an understanding between Burger and plaintiffs the latter had assisted defendant in acquiring title to the Hotel Kane, for which service no compensation was claimed or paid, and had also tried to find a purchaser for said vacant lot, but had nothing to do with the actual sale thereof.

The contract here in question was made, if at all, by Burger for defendant and said Bartels for plaintiffs. The price fixed was $75,000 and the commission claimed was $2000. Bartels says the terms fixed by Burger were "a reasonable cash payment", "enough to be sure that it is a sale."

Assuming, but not deciding, that such a contract was made, and that plaintiffs found a purchaser ready, able and willing to buy at the terms agreed upon (both of which facts are in dispute) we address ourselves first to the question of Burger's authority to enter into such a contract for defendant. No express authority is shown or claimed. Plaintiffs' position is that said contract was within the scope of Burger's apparent authority. The only evidence of apparent authority is that above recited. Said Bartels

testified that Burger said to him, "I wish you would sell all of our stuff"; also, "He authorized me to sell the Southard Hotel at $75,000 and the Hotel Kane at $80,000."

If an officer of a corporation is held out by it as having a particular authority, or a general authority as to a particular part of its business, the corporation is bound by the officer's exercise thereof in dealing with one who relied thereon. *Union Mining Co. v. Rocky Mt. Nat. Bank,* 2 Colo. 248, 257.

The authority here in question is the particular authority to contract for the payment by defendant of a commission for the sale of the Southard Hotel, or the particular business of selling defendant's real estate.

There is no shred of evidence in this record that defendant ever permitted Burger to make such contracts or to pretend that he had the power to do so. Moreover there is no evidence that this defendant, in all the years of its existence, ever sold or made any contract for sale of any real estate, save said vacant lot. Yet these plaintiffs here claim a commission for procuring a purchaser for $75,000 worth of real estate at the instigation of Burger and as a part of his announced scheme to sell everything the company owned, and bases its claim on the doctrine of apparent authority. All the facts were known to plaintiffs and by reason of their long continued agency and their familiarity with defendant's business they were the last people who should have relied upon that doctrine. Authority, or apparent authority, to receive rents and arrange for the writing of insurance and the making of repairs furnishes no support for the claim of apparent authority to sell real estate. Defendant by permitting Burger to exercise an apparent authority to conserve its property gave him no apparent authority to dispose of it.

Authority to operate a mine as superintendent will not support the claim of apparent authority to borrow money. *Breed v. First Nat. Bank,* 4 Colo. 481. Authority to run a store and buy and sell goods therefor will not support the

claim of apparent authority to execute a note. *Perkins v. Boothby,* 71 Me. 91.

An agent to sell has no implied authority to buy. *Gates Iron Works v. Denver Engineering Works Co.,* 17 Colo. App. 15, 67 Pac. 173.

Plaintiffs further contend that a motion for a nonsuit in a trial to the court was improper. We have recently held to the contrary. *Peters v. Peters,* 73 Colo. 271, 215 Pac. 128.

Other questions argued in the briefs require no consideration. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.