No. 13,751.

HOME BUILDERS COMPANY *v.* REDDIN, EXECUTOR.
(48 P. [2d] 800)

Decided July 29, 1935.

Mr. PERCY S. MORRIS, for plaintiff in error.

Mr. J. F. LITTLE, Mr. JOHN H. REDDIN, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THIS controversy arose out of a suit to foreclose a trust deed. The action was brought in the district court by defendant in error Reddin, as executor of the last will and testament of Mary Etta Driscoll, against plaintiff in error Home Builders Company, the Union Deposit Company and others, and in this opinion reference will be made to the parties by name or as plaintiff and defendant or company, respectively. A money judgment was sought against the Home Builders Company on its alleged assumption of the indebtedness secured by the trust deed.

The facts as shown by the record are as follows: In 1929 Forest Breland executed his note for $4,000 to the Union Deposit Company and secured the same by trust deed on the property now in foreclosure. The Union Deposit Company sold the note to Mary Etta Driscoll, who died December 10, 1932. Forest Breland sold the real property covered by the trust deed to one Dr. Dixon in April, 1929, who assumed and agreed to pay the encumbrance of $4,000 against the property. As part of the consideration in the transaction Dr. Dixon gave a note for $1,900 to Forest Breland, secured by a second trust deed on the property, which at the time of the present suit had been reduced to about $1,200 and was held by defendant, the Home Security Company. This latter company appears to bear a close relationship to the defendant Home Builders Company, both having the same

directors. No point is made of this fact, however, and for the purpose of this opinion it may be considered that the note secured by the second trust deed was the property of the defendant, the Home Builders Company. Dr. Dixon was unable to make his payments on the $4,000 note. Foreclosure was threatened, which fact was known to Hildebrandt, secretary and treasurer of the Home Builders Company. In May, 1932, Hildebrandt presented to Dr. Dixon a warranty deed, which he had drawn, conveying the property now in foreclosure to the company, subject to the aforementioned first and second deeds of trust. Dr. Dixon kept the deed for examination, and conferred with a friend who was in the real estate business, who suggested that after the exception of the encumbrances there should be written the words: "All of which second party (the company) assumes and agrees to pay." Dr. Dixon inserted those words, upon Hildebrandt's return informed him that he had done so, and Hildebrandt accepted the deed. Dr. Dixon then accompanied him to a notary, where he acknowledged the deed and left it with Hildebrandt, at the same time taking from the Home Builders Company a lease on the property for two and one-half months, executed by Hildebrandt, paying the latter $100 therefor. It was on the assumption clause so inserted in this deed that the plaintiff sought to procure judgment against the company.

The Home Builders Company denied any authority on the part of Hildebrandt, express or implied, to accept the deed or to assume the indebtedness, and alleged that he was merely one of the directors and the secretary and treasurer of the company, possessing no powers except such as are incidental to those offices; denied that the board of directors, as such, or that the other directors individually, had knowledge of Hildebrandt's action in the matter until shortly prior to August 17, 1932, on which date the company through its attorney tendered back to Dr. Dixon the deed, which had not been recorded, and the $100 received from him for the lease, which ten-

der Dr. Dixon refused, and which the company alleged it kept good. The company denied that there was a delivery of the deed to the company or that there was any assumption by the company of the indebtedness, and alleged that it repudiated the whole transaction, which latter fact is well evidenced by its defense of this suit.

With substantially the foregoing facts before the trial court the Home Builders Company interposed a motion for nonsuit on the ground that the evidence did not show that the company, acting by any officer or agent, duly authorized by the corporation, assumed or agreed to pay the indebtedness sued on or accepted a deed containing such assumption clause. The court denied the motion, found for plaintiff and entered judgment against the company on its assumption, and agreement to pay, contained in the deed.

 The court was in error in denying the company's motion for nonsuit and in entering judgment against it. A corporate director, being secretary and treasurer, as such, has no implied power to obligate his company or to purchase land. Such power might be inferred or arise from a course of dealing, but none is here shown. The trial court in making its decision relied on *Woods Investment Co. v. Palmer*, 8 Colo. App. 132, 45 Pac. 237, a case similar to the one at bar, wherein it is said: "The defendant contends that it was incumbent upon the plaintiff to allege and prove that the contract to assume and pay the incumbrance held by the plaintiff fell within the legal powers of the corporation, and that the agents or officers making the contract had authority for that purpose. The answer sets forth that the defendant was without such power, and its agents and officers without such authority. In the argument a distinction is carefully drawn by the defendant's counsel between the deed itself and the agreement for the assumption of the debt, and it is contended that they are independent contracts, so that, following the argument to its logical conclusion, the defendant may retain the benefit of the conveyance,

and repudiate its assumption of the debt. The answer admits the making of the deed to the defendant, and this admission includes the defendant's power to purchase the land. *The answer denies the defendant's power or the authority of the defendant's agents to assume the indebtedness, but does not deny the power or authority to make the purchase.* We are therefore relieved of the necessity of inquiring how far, in the matter of the purchase, a plea of ultra vires would be entitled to consideration, because the requisite power of the defendant, and the authority of its agents for that purpose, appear conclusively from the pleadings. Now the general power to purchase real estate necessarily includes the power to purchase incumbered real estate, and the power to purchase incumbered real estate as necessarily includes the power to assume the incumbrance.'' Italics ours.

Particular attention is called to the italicized portion of the above quotation. In the Woods case there was an attempt to separate the authority to accept the deed from authority to assume the encumbrance. The delivery of the deed in that case was admitted, and the authority to assume the encumbrance denied. This the Court of Appeals said could not be done. A careful reading of the case, we believe, will disclose that it was determined on the ground that the defendants could not retain the deed and at the same time escape their obligations created by assumption of the indebtedness. We are confirmed in this interpretation of the holding in the Woods case by the long line of decisions of this court and of the Court of Appeals holding that one who deals with the agent of a corporation must at his peril ascertain the extent of the agent's authority.

In *Extension Gold Mining and Milling Co. v. Skinner,* 28 Colo. 237, 64 Pac. 198, the following language was used: ''The contract upon which plaintiffs base their right to recover from the company was not binding on the latter unless Fair was its agent, authorized to make such contract, or the company ratified this act. The de-

fendant could only act through its lawfully authorized agents. One dealing with a corporation is bound to take notice of the extent of the authority of its agents and officers with whom he contracts. 17 Enc. Law, 142. According to the articles of incorporation and by-laws of the company, the board of directors and president were the only officers vested with the general management of its affairs. The directors could only act as a board, and not individually. *Lockwood v. Thunder Bay Boom Co.,* 42 Mich. 536; *Baldwin v. Canfield,* 26 Minn. 43; *Herrington v. District Twp.,* 47 Iowa 11.

"Hence, the individual action of Fair, although a member of the board, did not bind the company. As secretary and treasurer he had no authority to enter into the contract in question. His declarations were not competent to prove that he was authorized to make such contract. *Union Mining Co. v. Rocky Mt. Bank,* 2 Colo. 565; *Columbia Bank v. Rice,* 67 N. W. Rep. 165.

"* * * The burden of proof was upon the plaintiffs to establish that the contract made with Fair was binding upon the company. The evidence upon their part not only failed to prove such a contract, but, on the whole, established affirmatively that the company was not bound by the original contract, and that it was not ratified."

In the case of *Conqueror Gold Mining and Milling Co. v. Ashton,* 39 Colo. 133, 90 Pac. 1124, in which a general manager assumed to lease certain property of a mining company, the court said: "The record fails to disclose that Mr. Wells was an authorized agent of the company to make the contract upon which this action was brought. The power to make it was not incidental to his office of president and general manager. * * * It was obligatory upon the plaintiffs to prove by a preponderance of evidence the allegations of the complaint; and, in dealing with an alleged agent or officer of the company, it was necessary for them to prove that the agent had power to make the agreement sued on."

The following cases recognize the principle of law set

forth in the foregoing quotations: *Montrose Land and Investment Co. v. Greeley National Bank,* 78 Colo. 240, 241 Pac. 527; *Farmers Pawnee Canal Co. v. Pawnee Water Storage Co.,* 47 Colo. 239, 247, 107 Pac. 286; *Victoria Gold Mining Co. v. Fraser,* 2 Colo. App. 14, 29 Pac. 667; *Aliunde Consolidated Mining Co. v. Arnold,* 16 Colo. App. 542, 547, 67 Pac. 28; *Sanford Cattle Co. v. Williams,* 18 Colo. App. 378, 71 Pac. 889; *Bartels v. Pequot Real Estate and Inv. Co.,* 76 Colo. 29, 227 Pac. 570; *Ruedy v. Alamosa National Bank,* 77 Colo. 112, 235 Pac. 350. Corporations can act only by agent, and the agent's authority, if reliance is placed thereon, must be established by evidence.

█ The extent of an agent's authority, if express, is to be measured by the power delegated to him by the board of directors; and if implied is to be measured by his prior acts which have been ratified or approved or their benefits accepted by his principal. No evidence of express authority to assume the indebtedness appears in this record, and there are no facts in evidence from which such authority could be implied. Neither does it appear that the company had brought home to it knowledge of the transaction concerning either the deed or lease until about August 17, 1932, when, through its attorney, it disavowed the act of its secretary and treasurer and offered to surrender all benefits it had received. Under such circumstances it is not estopped to deny the assumed authority of its secretary and treasurer to act in the premises. Its disavowal of the whole transaction distinguishes this case from that of *Woods Inv. Co. v. Palmer, supra.*

In view of our determination that plaintiff's evidence was insufficient to establish a case justifying a judgment against the company, it is not necessary to pass upon other assignments of error. The judgment against plaintiff in error is reversed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE HILLIARD concur.