No. 15,998.

J. and R. A. Savageau, Inc. v. Harold Larsen et al.
(193 P. [2d] 1005)

Decided April 19, 1948. Rehearing denied May 24, 1948.

Mr. George K. Thomas, Mr. Horace Phelps, Mr. Horace F. Phelps, Mr. Edwin J. Wittelshofer, of counsel, for plaintiff in error.

Mr. Byron G. Rogers, Mr. Frank A. Bruno, Mr. James H. Rogers, for defendants in error.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

FOR convenience we refer to the parties in the case as they appeared in the trial court.

Plaintiff leased to defendants a store building at Colfax and York streets in Denver, for a five-year period. Attached to the agreement was an option for renewal of the lease for another like period, providing defendants gave plaintiff notice in writing within a certain time of their intention to renew. No written notice was given. Defendants contend that, because of a certain conversation which one of them had with one of the plaintiff's officers regarding a renewal of the lease, the proviso for written notice was waived. Plaintiff brought a forcible entry and detainer case against defendants in the justice of the peace court and had judgment for possession of the store building. On appeal to the county court a jury found for defendants and the court entered judgment on the verdict in their favor. Plaintiff brings the case here, alleging among other points that the court erred in denying its motion for a directed verdict.

The time for giving written notice of intention to ask for renewal of the lease expired August 1, 1946, and it is admitted that no written notice was given within that time. One of the defendants, Harold Larsen, testified that he had a conversation with Frederick L. Savageau on July 25, 1946, in which Savageau said "it would not be necessary to give a written notice." This took place when Savageau "drove up in back of the store." Frederick L. Savageau died in September 1946, before the case was tried in the county court. There is much argument concerning the admissibility in evidence of the conversation above mentioned. We have considered this subject under the hearsay rule in *Manby v. Sweet Investment Co.,* 78 Colo. 371, 373, 242 Pac. 51, and *Stone*

*v. Union Fire Ins. Co.,* 106 Colo. 522, 526, 107 P. (2d) 241. We also held that, "Oral testimony of oral statements against interest made by deceased persons is uniformly considered the weakest of all evidence." *Swedish Evangelical Free Church v. Benson,* 77 Colo. 370, 237 Pac. 165.

It will be unnecessary to discuss these questions, however, because in our view of the case Frederick L. Savageau had no power or authority to waive the written notice for which provision was made in the option, and, under the presented circumstances, the court should have granted plaintiff's motion for a directed verdict. He was a director and vice-president of plaintiff company. The by-laws of the company were introduced in evidence. They provide, inter alia:

"2. The president shall preside at all meetings of the board and shall have general supervision of the affairs of the company. He shall appoint a chairman and members of all committees. He shall sign or countersign all stock certificates and such other instruments as may be authorized by the board of directors. He shall perform such duties as are incident to his office or such further duties as may be required of him by the board of directors.

"3. The vice-president shall perform the duties of the president in case of his absence or inability to act and shall perform such other and further duties as the board of directors may from time to time prescribe."

The record herein shows that Raymond D. Savageau, president of the company, was in the company's office, which is only fifteen feet from defendants' store building, on July 25, 1946, and in fact was there every day during the month of July 1946, except the 12th; that he was in active charge of the company's business; that plaintiff's office was open during regular business hours every business day with a stenographer present; that defendants never did contact Raymond D. Savageau until after the time to exercise the option had expired,

and then they were promptly told by him that not having exercised their option, "they had to get out." Under the circumstances, Frederick L. Savageau had no power or authority to bind plaintiff company. In *Bartels v. Pequot Real Estate & Inv. Co.,* 76 Colo. 29, 31, 227 Pac. 570, we said:

"There is no shred of evidence in this record that defendant ever permitted Burger to make such contracts or to pretend that he had the power to do so. * * *. Authority, or apparent authority, to receive rents and arrange for the writing of insurance and the making of repairs furnishes no support for the claim of apparent authority to sell real estate. Defendant by permitting Burger to exercise an apparent authority to conserve its property gave him no apparent authority to dispose of it.

"Authority to operate a mine as superintendent will not support the claim of apparent authority to borrow money. *Breed v. First Nat. Bank,* 4 Colo. 481. Authority to run a store and buy and sell goods therefor will not support the claim of apparent authority to execute a note. *Perkins v. Boothby,* 71 Me. 91.

"An agent to sell has no implied authority to buy. *Gates Iron Works v. Denver Engineering Works Co.,* 17 Colo. App. 15, 67 Pac. 173."

Also, in *Home Builders Co. v. Reddin,* 97 Colo. 232, 48 P. (2d) 800, we held:

"The court was in error in denying the company's motion for nonsuit and in entering judgment against it. A corporate director, being secretary and treasurer, as such, has no implied power to obligate his company or to purchase land.

* * *

"In *Extension Gold Mining and Milling Co. v. Skinner,* 28 Colo. 237, 64 Pac. 198, the following language was used: 'The contract upon which plaintiffs base their right to recover from the company was not binding on the latter unless Fair was its agent, authorized to make such contract, or the company ratified this act. The de-

fendant could only act through its lawfully authorized agents. One dealing with a corporation is bound to take notice of the extent of the authority of its agents and officers with whom he contracts. 17 Enc. Law, 142. According to the articles of incorporation and by-laws of the company, the board of directors and president were the only officers vested with the general management of its affairs. The directors could only act as a board, and not individually. *Lockwood v. Thunder Bay Boom Co.,* 42 Mich. 536; *Baldwin v. Canfield,* 26 Minn. 43; *Herrington v. District Twp.,* 47 Iowa 11.

" 'Hence, the individual action of Fair, although a member of the board, did not bind the company. As secretary and treasurer he had no authority to enter into the contract in question. His declarations were not competent to prove that he was authorized to make such contract. *Union Mining Co. v. Rocky Mt. Bank,* 2 Colo. 565; *Columbia Bank v. Rice,* 67 N.W. Rep. 165.

" '* * * The burden of proof was upon the plaintiffs to establish that the contract made with Fair was binding upon the company. The evidence upon their part not only failed to prove such a contract, but, on the whole, established affirmatively that the company was not bound by the original contract, and that it was not ratified.'

"In the case of *Conqueror Gold Mining and Milling Co. v. Ashton,* 39 Colo. 133, 90 Pac. 1124, in which a general manager assumed to lease certain property of a mining company, the court said: 'The record fails to disclose that Mr. Wells was an authorized agent of the company to make the contract upon which this action was brought. The power to make it was not incidental to his office of president and general manager. * * * It was obligatory upon the plaintiffs to prove by a preponderance of evidence the allegations of the complaint; and, in dealing with an alleged agent or officer of the company, it was necessary for them to prove that the agent had power to make the agreement sued on.' "

There was no competent evidence to sustain defendants' position, and the court should have sustained plaintiff's motion for a directed verdict. This being our determination, it is not necessary for us to pass upon other specifications of error.

The judgment is reversed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.