### JOHN E. VORE *v.* WILLIAM C. WOODFORD.

1. Since the adoption of the code, as before it, the bar of the statute of limitations must be pleaded, otherwise it is waived. But since the code the bar may be insisted on by demurrer when it appears upon the face of the pleading demurred to, that the time of the statute has run against the cause of action therein stated.

2. Where a petition, which contains a good cause of action, except that it appears to be barred by the statute, is demurred to, and the defendant afterward, pending the demurrer, answers to the merits, and an issue of fact is joined thereon and trial had, the demurrer must be taken to have been waived.

3. A petition against several makers of a joint and several note more than fifteen years past due, whereon payments have been made within the time of the statute, but by whom paid not appearing, does not show a statutory bar in favor of any of the defendants.

4. Where the holder of a note past due receives from the principal debtor, without the knowledge of the surety, a sum of money greater than the amount of interest then due, and the amount so received is indorsed on the note as received on account of interest, it not appearing that such indorsement was made by the holder or that he had knowledge that the same was so made, it is not error to refuse to charge the jury that, in law such receipt and indorsement constituted an agreement to extend the time of payment of the note for such period of time as such sum would pay interest.

MOTION for leave to file a petition in error to the District Court of Morgan county.

The following statement is sufficient to an understanding of the questions disposed of in the opinion:

The original action was brought by defendant in error

against plaintiff in error and the administrator of A. S.
Dickey, on a note, of which the following is a copy :

"$1,000.  Four months after date, for value received, I
promise to pay William C. Woodford, or order, one thou-
sand dollars, interest at ten per cent.  Watertown, March
15, 1856.

> "A. S. DICKEY,
> "JOHN E. VORE,
> "JAMES DICKEY."

It was averred in the petition that divers payments had
been made on said note, and properly indorsed thereon, as
follows : " Received on this note two hundred and ten dol-
lars, being two years' interest, January 28, 1858.  $210."
" Paid on this note two hundred dollars, February 22, 1858.
$200."  " Received, May 8, 1861, $200, on the within, per
Isaac Johnson."

The original action was commenced on the 22d day of
April, 1872.  The defendant, Vore, demurred to the peti-
tion on the ground that it did not state facts sufficient to
constitute a cause of action against him.

Afterward, Vore filed his separate answer and alleged
that he had signed said note as surety merely for A. S.
Dickey ; and that on the 28th day of January, 1858, the
plaintiff, without his consent or knowledge, contracted with
the principal debtor to extend the time of payment for a
definite period, and did so extend it.  An issue was taken
upon this answer, which was submitted to a jury.  On the
trial, the court of common pleas was requested by the de-
fendant, Vore, to charge the jury as follows: "1. That if
the jury find that the defendant, John E. Vore, signed the
note sued on as surety for A. S. Dickey, and the plaintiff
knew it, and, at the time the note was delivered to him, or
at any other time thereafter, agreed with Dickey that he
should keep the money described in the note, and pay in-
terest thereon at the rate specified therein, for a year or any
other definite period beyond the maturity of the note, with
the consent of Vore, the plaintiff can not recover in this

action, and their verdict, in such case, must be for defendant.

"2. That if the jury find that the defendant, Vore, signed the note sued on as surety for A. S. Dickey, and the plaintiff knew it, and on the 28th day of January, 1858, received of A. S. Dickey $210, as interest on the note sued on, he would be thereby bound to wait on Dickey for the principal of the note for such period as that sum would be the interest at the rate specified in the note, unless it was agreed between the plaintiff and Dickey, at the time, that the time of payment should not be thus extended, and in such case the defendant, John E. Vore, would be discharged unless he assented to the transaction.

"3. That the payment and indorsement by Dickey of $210, as interest on the note on the 28th of January, 1858, was a proposition by him to the plaintiff to extend the time of payment of the note for two years or for such period as that sum would pay interest at the rate specified in the note; and if the plaintiff received the money with knowledge of the indorsement he will be presumed to have assented to it, unless at the time he refused to receive it as interest.

"4. That the payment and indorsement by Dickey of $210, as interest on the note, on the 28th of January, 1858, was a proposition by him to the plaintiff to extend the time of payment of the note for two years, or such period as that sum would pay interest at the rate specified in the note; and if the plaintiff received the money with knowledge of the indorsement and left it at the option of Dickey to keep the principal for such period or pay it sooner, as he saw fit, the surety on the note would be discharged.

"5. The payment of $210, and the indorsement thereof, as made upon the note, did, in law, extend the time of payment of the note in suit; that is, that payment, the making of the indorsement, and the holding of the note by Woodford, constituted an extension of the time of payment upon a valuable consideration; but the legal conclusion may be rebutted by evidence."

The court refused to give the instructions as requested, but did charge the jury, among other things, as follows: "If Vore was surety on the note and the time of payment was extended, then your verdict must be for the defendant. If Vore was not a surety, your verdict must be for the plaintiff. . . . As to what would be an extension of time that would discharge Vo e, you will note that two things are requisite to be shown:

"1. It must be shown that Woodford and Dickey agreed that time for payment should be extended for some definite ascertained or ascertainable time.

"2. There must have been a consideration for such agreement. . . .

"It is claimed here that on the 28th of January, 1858, Dickey paid $210, which was indorsed on the note in these words: 'Received on this note two hundred and ten dollars, being two years' interest. January 28, 1858.' This is not denied. Now, $210 would pay the interest on the note up to about April 20th, 1858. Now, if, when this money was paid, it was agreed between Woodford and Dickey that time on the note should be extended to the 20th of April, 1858, or to the time that $210 would pay the interest on the note; if it was then understood between them that the $210 was paid and received as interest then due and to become due on the note, then the time was extended, and Vore would be discharged, if he was a surety on the note. If Vore was a surety, then this case is decided when you ascertain what was the understanding between Woodford and Dickey when the money was paid. The indorsement on the note, to which I have referred, is in terms a receipt for two years' interest, as you will notice, and you will notice that two years' interest was not then due. If Woodford received this money and the indorsement on the note understanding it so—understanding that Dickey had paid two years' interest, then Woodford could not collect his note till the two years had expired, and Vore would be discharged from liability, if he was a surety."

Verdict and judgment were rendered for the plaintiff. This judgment was affirmed by the district court.

*E. A. Guthrie,* with whom was *Wood & Jones,* for the motion.

*Moses M. Granger,* contra.

McILVAINE, J. The plaintiff in error makes two objections to this record. 1. He denies the sufficiency of the original petition. 2. He insists that the court of common pleas erred in refusing to charge the jury as requested.

1. The first objection is based on the statute of limitations, which provides that actions on contracts or promises in writing can only be brought within fifteen years after the cause of action shall have accrued. Sections 12 and 13 of the code. The note sued on matured more than fifteen years before action brought. An exception, however, to the general rule of the statute is provided in section 24, thus: " In any case founded on contract, when any part of the principal or interest shall have been paid, . . . an action may be brought on such case within the period prescribed for the same, after such payment," etc. Fifteen years from the date of payment on the note had not elapsed before suit was brought. It having been decided, however, that where one of several debtors, though jointly liable, makes partial payment, the statute does not stop running in favor of those who have not paid nor authorized payment to be made (16 Ohio St. 569; 25 Id. 349), the plaintiff in error makes the point that the petition is defective in not averring that the payments were made by him or by his authority.

In actions other than those relating to the title of real estate, the rule, that a party, who seeks the protection of the statute of limitations, must plead it, has never been departed from in this state. It has been held, it is true (8 Ohio St. 215), that in a case where it appears on the face of a pleading that the cause of action therein stated is barred by the statute, the bar may be insisted on by a demurrer.

When the bar of the statute is thus pleaded by a demurrer, it would unquestionably be the better practice to state the ground of demurrer specifically ; but, without holding that such specific statement is necessary, it is quite clear that if the statute be not pleaded by answer or demurrer in a proper case the defense of the statute is to be regarded as waived. We do not overlook the fact that section 89 of the code provides that " if no objection be taken (to a petition) either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." But, notwithstanding an objection to the sufficiency of the facts is not declared by this section to be waived when not taken either by demurrer or answer, it by no means follows that a statement of facts sufficient to constitute a cause of action before its passage is now, by virtue of the section, made insufficient. The law, since the code, as it was before, is that a statement of facts otherwise sufficient to constitute a cause of action will support a judgment, although upon the face of the pleading it appear that the time of the statute had run against it, unless the bar of the statute is insisted upon either by the demurrer or answer.

In this case the bar was not insisted upon by answer. It is true, a general demurrer was filed to the petition, but afterward, and before the demurrer was determined, the defendant answered over to the merits of the action. Upon this answer issues of fact were joined and trial had. It must, therefore, be considered that the demurrer was waived or withdrawn. *Calvin* v. *State*, 12 Ohio St. 60. It is, therefore, too late now on error to insist on the statute of limitations.

If, however, the demurrer had been insisted on, I think it should have been overruled. The payments, as alleged in the petition, were admitted. True, it is not alleged by whom they were made, but, when made, the defendant was liable on the note, and the payments inured to his benefit.

There is no legal presumption or inference, from anything stated in the petition, that they were not made by him. If made by him, the cause of action was not barred as against him. It is only where it appears affirmatively upon the face of the petition that the cause of action therein stated is barred by the statute, that such bar can be pleaded by demurrer.

2. In regard to the alleged error in refusing to charge as requested. We think the whole law of the case embodied in the requests to charge was given to the jury in the general charge of the court. Not, indeed, that the charge contained all that was requested, but all that the defendant had a right to demand. The principal objection arises on the fifth request. The point is, that the charge as given carefully excluded the defendant from the presumption of an agreement to extend the time of the note arising from the payment and receipt of the $210, on January 28, 1856, and the indorsement thereof on the note as interest. That the facts referred to tended to prove such agreement, and, in the absence of other circumstances, such agreement would be presumed or inferred from such facts may be conceded ; yet such presumption or inference was a matter for the jury as triers of the fact to draw, rather than matter of law to be given in charge by the court. When the fact in issue is to be ascertained from other facts in evidence, the sufficiency of the latter, as a general rule, is for the jury and not for the court to determine. The conclusion is one of fact and not of law.

The real question in this case was as to existence of an agreement between plaintiff and Dickey to extend the time of payment. On this question the court told the jury that " if Woodford received the money and the indorsement on the note understanding it so—understanding that Dickey had paid two years' interest—then Woodford could not collect the note till the two years had expired, and Vore would be discharged from liability if he was a surety." The charge on this point was as favorable to the defendant as he had a right to ask.                    *Motion overruled.*