## MEYER ET AL. V. BINKLEMAN.

1. Where the defendant answered, setting up the same defense relied upon on demurrer, the demurrer having been overruled, *held*, that the answer was a waiver of the demurrer.

2. If it appears upon the face of the complaint that the action is barred by the Statute of Limitations, and no facts are alleged taking the demand out of the statute, a demurrer will lie; but if the fact does not appear upon the face of the complaint, the defense must be made in the answer.

3. Section 1,692, General Laws of 1877, establishes a rule of evidence, and not a rule of pleading.

4. Under the Code, where an answer contains no new matter, but merely denies the allegations of the complaint, no reply is required.

*Appeal from District Court of Custer County.*

THE case is stated in the opinion.

Mr. GEORGE F. ADAMS, for appellants.

Mr. W. A. OFFENBACHER, and Messrs. BLACKBURN & DALE, for appellee.

BECK, J. The appellee brought suit in the district court

against the appellants on three promissory notes, dated respectively December 15, 1869, January 5, 1870, and June 10, 1870. The first mentioned two notes were each payable three months after date, and the last mentioned six months after date. The complaint alleges that payments were made upon all the notes. specifying the dates when they were made, and that a certain amount of money remains due and unpaid on each note, The dates of the last two payments alleged to have been made on each note were April 2, 1873, and August 15, 1873.

A demurrer to the complaint was filed, setting up the six years' Statute of Limitations. The demurrer was overruled, and the same defense was set up by way of an answer.

The trial resulted in a verdict and judgment for the plaintiff.

The bill of exceptions having been stricken from the record, but two of the assignments of error are relied upon for a reversal of the judgment, viz.:

First. The court erred in overruling the demurrer.

Second. The pleadings admit that no payments have been made on said notes by either of the defendants within six years, and will not therefore sanction the judgment.

After defendants' demurrer was overruled, they answered to the complaint, setting up in the answer the same defense relied upon in the demurrer.

This was a waiver of their demurrer. The defense relied upon was that the action was barred by the Statute of Limitations. The cases of *Smith* v. *Richmond*, 19 Cal. 477, and *Sturges* v. *Burton*, 8 Ohio St. 215, cited by appellants' counsel, lay down the familiar rule, that if it appears upon the face of the complaint that the action is barred, and no facts are alleged taking the demand out of the operation of the statute, a demurrer will lie ; but if the fact does not appear upon the face of the complaint, the defense must be made in the answer. There is nothing in these cases to support the proposition that a complaint upon a promissory note, alleging payments thereon within six years, is demurrable if it fail to state that the

payments were made by or at the instance of the makers of the note.

The case of *Kennedy* v. *Williams*, 11 Minn. 314, cited by the same counsel, is in direct conflict with the doctrine contended for. Like the case at bar, that was an action on a promissory note, for a balance alleged to be due. The complaint alleged that the sum of $454.50 had been paid thereon, without stating when or by whom the payment was made. The court said that for aught that appeared, the payment may have been made at a date late enough to save the statute, and that it could not therefore be said on the face of the complaint that the action was barred.

The allegations of the complaint in this case are more specific. It is alleged that payments were made upon each note on April 2, 1873, and August 15, 1873. Suit was instituted April 2, 1879. No question can arise as to whether a payment was made late enough to avoid the effect of the Statute of Limitations, and no authority is cited which holds that it must affirmatively appear in the complaint that the payment was made by the defendant.

Neither does our statute contain any such requirement. Section 1,692, General Laws of 1877, referred to in the brief of counsel, is merely to the effect that the endorsement of a credit upon a note shall not be deemed sufficient proof that a payment was made to take the case out of the operation of the statute. This section establishes a rule of evidence and not a rule of pleading. It was not intended to lessen the effect of a payment, but to require proof that a payment was in fact made, whenever it shall be relied upon to revive an action otherwise barred. Without such a requirement there would practically be no bar to an action upon a promissory note, for the simple endorsement of a credit without payment in fact, would always operate to revive the cause of action. Under the statute, however, the plaintiff must not only state a subsisting cause of action, but he must prove such a cause. That the complaint is sufficient in this respect, is apparent from the

Bradbury et al. v. Davis.

authorities already referred to. The case of *Vose* v. *Woodford*, 29 Ohio St. 245, cited by counsel for appellee, is likewise an authority in point. That was an action upon a promissory note, which would have been barred by the statute but for sundry payments alleged to have been made thereon. The petition did not state by whom the payments were made. Upon this point the court remarked:

"True, it is not alleged by whom they were made, but when made the defendant was liable on the note, and the payments enured to his benefit. There is no legal presumption or inference from anything stated in the petition that they were not made by him. If made by him the cause of action was not barred against him. It is only when it appears affirmatively upon the face of the petition that the cause of action therein stated is barred by the statute that such bar can be pleaded by demurrer."

In regard to the objection to the judgment, that the omission of the plaintiff to reply to the answer of the defendants, amounted to an admission that the cause of action was barred, we have only to say that the answer contained no new matter, but was merely a denial of the allegations of the complaint, and consequently required no reply. Bliss on Code Pleadings, Sec. 396.

There being no error apparent in the record, the judgment will be affirmed.

*Affirmed.*

---

BRADBURY ET AL. V. DAVIS.

1. Actions upon the ground of fraud must be instituted within three years after the discovery of the fraudulent acts relied upon as the ground of relief, or be forever barred.

2. A quit-claim deed is as effectual to pass the title to real estate as any other, and the purchaser accepting such deed without notice of prior rights,