Johnson, J.
This is an action brought against the Pitts-burg, Cincinnati and St. Louis Railway Company, under the statute, as amended April 18, 1874 (71 Ohio L. 83), for the recovery of damages for the killing of domestic animals by reason of the want and insufficiency of fence and cattle guards along the line of defendant’s railroad.
The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained and final judgment rendered against the plaintiff. The question before the court below was whether the limitation of four or six years barred the action; and also, whether the demurrer was the proper way to raise the question.
The plaintiff contends that the only proper way to plead the statute of limitations is by demurrer specially stating that the statute is a bar, or by answer.
1. There is another question which does not appear to have been made in the court of common pleas, which is assigned for error here. It is said that this demurrer was filed out of rules and without leave of court, and therefore *15 should not be used to raise the question of the statute of limitations, because the plea of such statute is unconscionable, and should not be pleaded after default.
This demurrer was filed November 13, 1879, and was heard October 27, 1881, nearly two years thereafter. No objection was interposed during all this time by the plaintiff, though it appears that the issue presented was on the latter day “ argued by counsel,” when the demurrer was adjudged well taken and final judgment, rendered. Had the point been presented to the court on a motion to strike out the objectionable pleading as being filed out of rules and not with leave, and the court had overruled that motion, error might have been assigned to that ruling if it was erroneous. But no objection was then made, and as the parties argued and submitted the case upon the demurrer, it is too late now to object after final judgment that the demurrer was not filed within rules. The point was not made in the court below, so far as appears by the record, and therefore is not assignable as error.
2. It is claimed that in order that the plaintiff should have the benefit of the statute of limitations he should insist upon it as a bar in his answer or as a specific ground of demurrer. McKinney v. McKinney, 8 Ohio St. 423, is relied on to support this position. That was an action to recover real property, and for damages for being kept out of possession. The petition -was for damages and for nineteen years rent. The defendant answered, without claiming the benefit of the statute in his answer, or by demurrer. In the opinion, Swan, C. J., says: “We have already held, at the present term of this court, that where the petition on its face discloses that the cause of action is barred, the defendant may, by demurrer, specify that the petition shows a cause of action barred by the statute.”
The court then holds that as the defendant had answered, denying the allegations of the petition, he could not, on the trial, insist on the bar of the statute, and that in order to avail himself of that defense he should have set it up in his answer or rely on it as specific ground of demurrer.
*16 The case to which Judge Swan refers as “ decided at the same term,” is Sturges v. Burton, 8 Ohio St. 215. The third syllabus reads : “Where it appears, on the face of the petition, that the cause of action accrued at such a period, that, under the statute of limitations, no action can be brought, the defendant may demur to the petition, on the ground that the petition does not state facts sufficient to constitute a cause of action. But if the objection does not appear on the face of the petition, and the answer does not set up the limitation, it must be deemed waived.” In the opinion it is said, “ Where the cause of action appears, upon the face of the petition, to be barred, there is, in law, no cause of action alleged; and in analogy with the practice in chancery we see no objection, in such a case, to the defendant interposing a demurrer, under the code. He may either demur in such case, or answer by setting up the bar. If he neither demurs nor sets up the bar in his answer, he waives it.”
By a “ demurrer under the code” is meant the eighth clause of section 5062 of the Revised Statutes, which authorizes demurrer on the ground that “ the petition does not state facts sufficient to constitute a cause of action.”
Section 5068 requires that the demurrer shall specify the grounds of objection, and unless it does so, it shall be regarded as objecting only that the petition does not state facts sufficient, or that the court has no jurisdiction.
A demurrer under this eighth clause need not specify the defects of the petition. It is sufficient to follow the words of the statute, though the better practice would be to point out these defects in writing, and not leave them to be specified, orally.
Commissioners of Delaware County v. Andrews, 18 Ohio St. 49, 67, is exactly like the case at bar. There the demurrer was on the ground that the petition “ does not state facts sufficient to constitute a good cause of action in favor of the plaintiff and against the defendants; ” and it was held not error to sustain such a demurrer where the petition *17 showed that the ' right to recovery was barred by the statute. Keithler v. Foster, 22 Ohio St. 27.
Vose v. Woodford, 29 Ohio St. 245, was also like the present case, where the demurrer was in the language of the statute, that the petition did not state facts, etc. The syllabus reads, “ Since the adoption of the code, as before it, the bar of the statute of limitations must be pleaded, otherwise it is waived. But since the code the bar may be insisted on by demurrer, when it appears upon the face of the pleading demurred to that the time of the statute has run against the cause of action therein stated.” This was said of a demurrer like the one before us.
In the opinion it is said, referring to Sturges v. Burton, that the bar of the statute may be insisted upon by a demurrer, and that “ when the bar of the statute is thus pleaded by a demurrer, it would unquestionably be the better practice to state the ground of demurrer specifically; but, without holding that such specific statement is necessary, it is quite clear that if the statute be not pleaded by answer or demurrer in a proper case, the defense of the statute is to be regarded as waived.”
In Combs v. Watson, 32 Ohio 228, there was a demurrer, on the ground that the petition did not state facts sufficient to constitute a cause of action. It was held sufficient as a plea of the statute of limitations. Other cases might be cited, but these are deemed sufficient.
3. As this petition on its face showed that the cause of action accrued more than four years and less than six yeai's before the commencement of the action, the question is fairly presented whether the court below erred in holding that it was barred by the four years limitation. We think it did err.
Subdivision 3, Chap. 2, Div. 2, Tit. I, Part Third, of the Revised Statutes, relates to civil actions other than for the recovery of real property. Section 4981 of the Revised Statutes limits actions upon contract not in writing, ex *18 press or implied, and actions opon a “ liability created by statute, other than a forfeiture or penalty,” to six years.
Section 4982 limits actions of trespass, the recovery of personal property, the injury to the same, or to the rights of plaintiff, not arising on contract, etc., to four years from the time the right of action accrues.
This section relates to actions ex delicto and for frauds, as distinguished from actions ex contractu. All causes of action for wrongful act', neglect, or default, not otherwise provided for, are barred in four years; while under section 4981, all causes of action arising on verbal contracts, express or implied, and all causes of action where the liability is created by statute, are barred in six years.
This is a liability created by statute. Without the statute such an action could not be maintained.
Section 4981 relates to two classes of obligations. 1. Contracts not in writing, express or implied. 2. Liabilities created by statute other than a forfeiture or penalty.
Section 4982 relates to what was formerly known as actions ex delicto, and to'actions on the ground of fraud.
This is not an action for injuring personal property arising by reason of the wrongful act, neglect, or default of defendant, nor is it au action for the injury to the rights ■of the plaintiff by reason of such wrongful act, neglect, or default.
The petition alleges as a ground of recovery the killing of a domestic animal, by reason solely of defendant’s omission to construct and keep in good repair good and sufficient fences aud cattle guards to turn stock along the line of its road by reason of which neglect and omission the plaintiff’s mare without his fault was run over and killed. The-statute (71 Ohio. L. 85) provides that in case of such failure and neglect, every railroad “ shall be liable for all damages sustained in person or property in any manner, iby reason of the want or insufficiency of any such fence, crossing, or cattle guaid, or any carelessness or neglect of *19 said company, their agent or agents in constructing and keeping the same in repair,” etc.
This is a liability created by statute. Without such a statute the eompauy was not bound to fence its road, nor was it liable for a mere failure to fence. Ey the common law it is liable for wrongfully or negligently managing its trains so as to cause injury to person or property, and for such injury the action is barred in four years. As the petition does not charge any common law liability, that limitation can not be applied to this case. These two sections must be construed together, so as to give each force. If we should say that this canse of action came under 4982, we would be compelled to hold that it was not a liability created by statute, or that both four and six years applied to it, but by holding as we do that section 4982 applies to injuries and wrongs to person or property other than those to perform a statutory duty, we give force and effect to both sections. This _ statute requiring railroads to be fenced, and making them liable for damages to persoual property by reason of such failure, creates a statutory liability which is barred in six years While section 4982 is given full force by limiting it to common law liabilities for wrongful act, neglect, or default, such a construction harmonizes and gives full force to both sections.

Judgment reversed.