[No. 2407.]

GREGORY V. ESTATE OF FILBECK.

20    131
20    503
20    573

1.    **Appellate Practice—Findings—Evidence—Limitation.**

Where the question of whether or not certain claims were barred by the statute of limitations depended upon questions of fact as to whether or not a new contract was created by payments on the notes, or whether an alleged contract of extension was made, and these facts were determined upon conflicting evidence, the appellate court is bound by such determination, and the rule is the same whether the trial was to the court or to a jury.

2.    **Appellate Practice—Evidence—Credibility of Witnesses.**

Where trial was to the court, the questions as to what effect a witness's relationship to one of the parties and interest in the subject-matter had upon the credibility of such witness, and to what extent such credibility was affected by contradictions, were for the court to determine, and it was within its province to entirely disregard the testimony of such witness.

3.    **Limitation—Payments—Extension—Burden of Proof.**

Where a contract of extension or payment is relied upon to avoid the bar of the statute of limitations to a claim, the burden of proof is upon the claimant to establish such extension or payment by a preponderance of testimony.

*Appeal from the District Court of Arapahoe County.*

Mr. GEO. W. MILLER, Mr. DANIEL SAYER, Mr. S. E. BROWNE and Mr. C. C. BROWN, for appellant.

Mr. R. D. THOMPSON, for appellee.

GUNTER, J.

Philip Filbeck died June, 1899, and Jacob Gregory, appellant, was appointed as administrator of his estate. September, 1899, two claims in favor of appellant were filed against the estate; a note of date March 8, 1883, payee, appellant, principal sum $5,000, due two years after date, drawing interest from date at rate of 12 per cent. per annum, interest payable quarterly; and a second note date May 20, 1884, payee, Leynette A. Collins, principal sum $500, bearing interest at rate of 12 per cent. per annum from date until paid.

Upon hearing, the claims were disallowed by the county court, and on appeal by the district court. From the judgment of disallowance by the district court the case is here.

To justify the allowance of the claims it was necessary to establish the original validity of the notes and that they were not at the time of the hearing barred by the statute of limitations. It was the theory of the estate that Philip Filbeck in 1883, prior to the giving of the first note, anticipated the institution against him of a suit for divorce, and in pursuance of a conspiracy between him and his brother-in-law, appellant, to defeat any decree for alimony that might be awarded therein, gave the notes in question, secured by trust deed on substantially all of his real estate. Evidence was adduced to sustain this theory.

As we consider the question of the statute of limitations decisive of this appeal it is unnecessary to discuss the evidence pertinent to the original validity of the notes. We confine ourselves to the question of the statute of limitations. This under the issues was a question of fact and was tried to the court. The court determined it for the estate, and if such determination was upon conflicting evidence we are bound by it and the judgment should be affirmed.

—*Minor v. Lovell,* 25 Colo. 249; *Barnett v. Jaynes et al.,* 26 Colo. 279.

The same rule obtains whether the question of fact was tried to the court or to a jury.—*Hazeltine v. Brockway,* 26 Colo. 291, 296.

"The testimony is so evenly balanced and lacks so much in directness and positiveness we must concede the case is not free from doubt. But where the matters to be determined are wholly those of fact and two trial courts have passed on the question in the plaintiff's favor, we must under the general rule accept those conclusions as a definite settlement of the disputed propositions, and the finding as conclusive."—*Owen v. Hamberger,* 14 Colo. App. 334, 336.

"Claims being withheld during life time of an alleged debtor, and sought to be enforced after his death should be carefully scrutinized and only admitted upon satisfactory proof."—*Kearney v. McKeon,* 85 N. Y. 136; *In re Child's Estate,* 26 N. Y. Supp. 721.

If a cause of action existed in favor of the claimant it was on the new contract created by payments on the notes or on an alleged contract of extension of May 29, 1889.

"The cause of action is based upon the promise implied in the law perforce the payment made."—*Buckingham v. Orr,* 6 Colo. 587; *Polk v. Butterfield,* 9 Colo. 325; *Richardson v. Bricker,* 7 Colo. 58.

Proof of the payments and the contract of extension rested upon the credibility of the testimony of Mrs. Gregory, the wife of appellant, the claimant. Deceased was her brother, he died leaving by deed all of his estate to another sister, Mrs. Riethmann. Whether the credibility of Mrs. Gregory's testimony was affected by this fact was for the court to determine. The claims of her husband in the aggregate

amounted to ten thousand dollars. Whether the interest she had in these claims through her relations with her husband affected the credibility of Mrs. Gregory's testimony was for the court to determine. What weight should be attached to various circumstances tending to show the invalidity of this claim was for the court.

"The mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact."—*Sonnentheil v. Moerlein Brewing Co.,* 172 U. S. 401, 408.

"The witnesses, though unimpeached, may have such an interest in the question at issue as to affect their credibility. The general rule laid down in the books at a time when interest absolutely disqualified a witness, necessarily assumed that the witnesses were disinterested. That qualification must, in the present state of the law, be added. And furthermore, it is often a difficult question to decide when a witness is, in a legal sense, uncontradicted. He may be contradicted by circumstances as well as by statements of others contrary to his own. In such cases, the courts and juries are not bound to refrain from exercising their judgment and to blindly adopt the statements of the witness, for the simple reason that no other witness has denied them, and that the character of the witness is not impeached."—*Elwood v. The W. U. Tel. Co.,* 45 N. Y. 549 554; *Munoz v. Wilson,* 111 N. Y. 295, 300. ·

Further, the testimony of Mrs. Gregory was contradicted upon material points, for example, the testimony of George Filbeck. It was for the court sitting as a jury to say what effect such contradiction had upon her credibility. It was within its province to entirely disregard her testimony.—*Minich v. People,* 8 Colo. 440, 452; *Roulette v. Brown,* 40 Mo. 52,

57; *People v. Sprague,* 53 Cal. 491, 493; *Day v. Craw-
ford,* 13 Ga. 508.

Upon these questions the making of the payments
relied upon to bar the statute of limitations and the
making of the contract of extension of May 29, 1889,
as stated, the burden was with the claimant. It was
for the court to say whether this requirement of the
case was satisfied by the evidence furnished through
the testimony of Mrs. Gregory or otherwise. In
favor of the correctness of the judgment we must
presume that the court found upon such question
against the claimant, and as we are bound by the find-
ing of the court upon conflicting evidence, so we are
bound by the finding of the court in this case. We
must affirm the judgment.

    Judgment affirmed.                 *Affirmed.*