Argued 29 March, decided 28 April, 1905.

## SCOTT *v.* CHRISTENSON.

80 Pac. 731.

PLEADING STATUTE OF LIMITATIONS.
1. A claim under the statute of limitations is an affirmative defense, and must be specially pleaded, unless it is apparent from the face of the complaint that the cause of action is barred.

LIMITATIONS—BURDEN OF PROOF—EXCEPTION TO RULE.

2. While it is a general rule that a party pleading the statute of limitations has the burden of proving his claim, there is an exception where the complaint shows that the cause of action would be barred but for certain facts that are stated. In such a case the defendant does not have the burden of proving a defense of limitations, though pleaded, but the plaintiff must prove his allegations, including the special facts relied upon to avoid the statute. Therefore a charge that the defendant, having pleaded the statute of limitations, must establish such defense by a preponderance of proof is not always correct, and in this case it was error.

From Marion: GEORGE H. BURNETT, Judge.

This is an action by Chas. Scott as executor of his father's estate against M. and H. Christenson, resulting in a judgment for plaintiff, from which both defendants appeal. REVERSED.

For appellants there was a brief and an oral argument by *Mr. Frank Holmes.*

For respondent there was a brief with oral arguments by *Mr. Charles William Corby* and *Mr. Harry J. Bigger.*

MR. JUSTICE BEAN delivered the opinion of the court.

This action was commenced in September, 1904, on a promissory note executed and delivered by the defendants to the plaintiff's testate on April 26, 1893, for $74, due one year after date, with interest at 8 per cent per annum. The complaint alleges that no part of the note has been paid, except $20.50 paid on January 19, 1897, and two dollars on January 2, 1899. The answer denies all the allegations of the complaint, except the execution of the note and the plaintiff's representative capacity, and, for an affirmative defense, alleges that on or about November 20, 1895, one of the defendants paid on the note $55 in coin, and, at some time not stated, the other defendant paid and satisfied the remainder of the note in full, by the sale and delivery to the payee of a load of grain; that no payments have been made on the note by the defendants, or either of them, since the 20th day of August, 1896, and the action was not commenced within six years from the time of the last payment, and is therefore barred by the statute of limitations. The reply denied the allegations of the answer. A trial was had before a jury, and the court instructed them, among other things, that the defendants, having pleaded the statute of limitations, must establish such defense by a preponderance of the proof.

1. The statute of limitations is an affirmative defense which a defendant is bound to plead specifically, unless it appears from the face of the complaint that the action is barred, and the general rule seems to be that the burden is on him to sustain such defense, when pleaded: 19 Am. & Eng. Enc. Law (2 ed.), 332.

2. In this case, however, the application of such a rule would require the defendants to prove that the payment of the two dollars alleged by the plaintiff to have been made on the note within six years before the commencement of the action was not made. This would be equivalent to making the averments of the complaint in this regard prima facie true. In order to avoid a demurrer on the ground that the action was barred, the plaintiff was required to, and did, plead the payment. This averment is denied by the answer, and the defense of the statute of limitations pleaded. The plea is grounded on the denial, and, if the burden is on the defendants, the result will be a presumption that such payment was in fact made. Now, the note was barred, and therefore furnished no evidence of a present liability against the defendants, unless a payment was made thereon by them within six years prior to the commencement of the action. The burden of proof to establish such payment was on the plaintiff: Wood, Limitations (3 ed.), § 116; *Harding* v. *Grim,* 25 Or. 506 (36 Pac. 634). But the instruction, as given, relieved him of that duty, and imposed the burden of proving a negative on the defendants; and this, we think, was error. Whether the production by a plaintiff of a promissory note, with an indorsement of a payment thereon made by the promisee before the note is barred by the statute, is prima facie evidence of such payment, and shifts the burden to the defendant to show that the payment was not in fact made, as would seem to be the rule in some jurisdictions (Wood, Limitations, 3 ed., § 115; *Shephard* v. *Calhoun,* 72 Ill. 337; *Bell* v. *Campbell,* 123 Mo. 1, 25 S. W. 359, 45 Am. St. Rep. 505), is a question not necessary to be considered at this time.

Judgment reversed and new trial ordered.      REVERSED.