## No. 11,235.

### MANBY *v.* SWEET INVESTMENT CO.

Decided December 7, 1925.

Action on promissory note.   Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. LIMITATION OF ACTIONS—*Statute—Burden.*   In an action on a promissory note the burden of proving part payment so as to remove the bar of the statute of limitations, is upon the plaintiff.

2. EVIDENCE—*Hearsay.*   Evidence of the president of a corporation that the secretary had told him the maker of a promissory note had paid $20 thereon, inadmissible as hearsay.

3. *Hearsay—Death of Declarant.*   Declarations which are objectionable as hearsay are not rendered competent by the subsequent death of the declarant.

4. *Hearsay—Statements in Course of Business.*   In the United States the hearsay rule is generally held to exclude declarations made while declarant was acting in the course of duty.

5. *Oral Declarations—Res Gestœ.*   Testimony of oral declarations of another may be admitted in evidence if they are a part of the res gestæ.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. J. B. MANBY, JR., for plaintiff in error.

Mr. GEORGE B. CAMPBELL, for defendant in error.

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action upon a promissory note.   Judgment for plaintiff.   Defendant has sued out this writ, and applies for a supersedeas.

The note in question is dated July 1, 1911, is in the principal sum of $280, and was due six months after its date. Endorsed on the back of the note is the following: "Dec. 27, 1917, paid on the within note, $20.00."

For a first separate defense the defendant denied that he paid $20 or any other sum of money on the note, and further alleged that the cause of action stated in the complaint did not accrue within six years before the commencement of this action.

There is no dispute as to the fact that on December 26, or December 27, 1917, defendant paid plaintiff the sum of $20. The testimony of defendant is that he did not pay the $20 on the note, in the sense of making a new promise thereon, but that he paid it, and it was accepted, on the condition that no further sum would be owing unless defendant was successful in making a collection from a third party.

The note is barred by the six years statute of limitations unless there was a part payment thereon in December, 1917, as plaintiff claims. The burden of proving part payment, so as to remove the bar of the statute, was upon plaintiff. 37 C. J. 1246; *Gregory v. Filbeck*, 20 Colo. App. 131, 77 Pac. 369.

Plaintiff's witness, Fred S. Sweet, testified that he is the president of plaintiff, a corporation. That he was in New England on and prior to December 27, 1917; that prior to the date last mentioned he wrote to his son, Raymond Sweet, the secretary and treasurer of the company, to obtain a payment on the note; and that when he, the witness, returned in January, 1917, Raymond Sweet gave him the note, with the endorsement thereon, and turned over the sum of $20. Over the objection of defendant the court permitted the witness to testify further than this, as follows: "Q. You say that there was a payment made on the 27th of December, 1917. Please state how you know that. A. It was so stated by my son, and he gave me the money on my return from New England. * * * A. Upon my return he gave me the money and showed me the

note with the endorsement thereon, and said the Manbys had paid $20.00."

This evidence, if admissible, would sustain the judgment for plaintiff, because from the statement attributed to Raymond Sweet, "the Manbys paid $20.00," the inference could be drawn that defendant Manby paid the $20 on the note in question, intending to acknowledge and admit the debt. It is contended, however, that this evidence is inadmissible because hearsay.

Raymond Sweet is dead. But declarations which are objectionable as hearsay are not rendered competent by the subsequent death of the declarant. 22 C. J. 216. It may be that the oral declarations of Raymond Sweet, testified to by the witness Fred S. Sweet, were made in the course of business. In the United States the hearsay rule is generally held to exclude declarations made while the declarant was acting in the course of duty. 22 C. J. 237. Such declarations may be admitted, however, if they are a part of the res gestae. 22 C. J. 237. But under the facts in the instant case the oral declarations of Raymond Sweet could not be admitted on that ground.

For the reasons above indicated the court erred in admitting in evidence the oral declarations of the decedent, Raymond Sweet, to the effect that there was "a payment made" and that defendant "paid $20.00." The error was not cured by defendant's own testimony, because while he testified that he did pay $20, he further explained the transaction by stating that it was a payment in settlement of the whole debt, as appears in a previous part of this opinion.

The judgment is reversed, and the cause remanded for new trial.

Mr. Justice Denison and Mr. Justice Whitford concur.