No. 14,589.

CHRISTENSEN *v.* HUGH M. WOODS MERCANTILE COMPANY.
(91 P. [2d] 999)

Decided June 12, 1939.

464

Mr. HAROLD G. KING, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

AN action begun October 5, 1937, by the Hugh M. Woods Mercantile Company, on a promissory note dated March 1, 1920, due ten months thereafter. The note bore interest at seven per cent per annum from date. It was alleged that defendant Christensen, plaintiff in error, had made various payments on the note, the last being October 2, 1934, when, as said, he paid five dollars. Defendant admitted execution and delivery of the note and that he had made payments thereon, and alleged that the aggregate of such payments made prior to 1932 fully discharged the note. He made specific denial of the payment which plaintiff alleged he had made October 2, 1934, and further answered that the action was barred by the statute of limitations ('35 C. S. A., chapter 102, section 1, paragraph first). The court found generally for plaintiff, and specifically that at the time of the institution of the action the note was a valid and subsisting obligation and not barred by the statute. Judgment entered in accordance with plaintiff's demand.

Assuming that the court rightly resolved in the

particulars mentioned, we think the computation which entered into the judgment was correct; but whether it erred in its findings remains to vex. Plaintiff is a concern of considerable magnitude. It has a set of books, kept by competent bookkeepers. Its books, original and ledger entries, were received in evidence. They disclosed that October 2, 1934, plaintiff in error was credited with a payment of five dollars, as alleged in the complaint, and a payment of fifteen dollars, not alleged, as of October 7, 1932. If either of these payments was made or authorized by the maker of the note, it sufficed, as is conceded, to remove the bar of the statute of limitations.

Defendant denied that he had made or authorized any payment on the note subsequent to early in 1931, when, as he testified, he believed he had fully discharged the obligation. Only plaintiff's bookkeeper testified in its behalf, and he was unable to recall that defendant personally had made the payments in question, nor was there evidence that the basis of the controlling credits was the result of payments authorized by defendant or made with his knowledge. The last payment endorsed on the note was of date September 18, 1928.

█ █ Had the claimed payments been endorsed on the note, still, in themselves, such credits would not constitute sufficient proof of payment so as to take the case out of the operation of the provisions of the statute of limitations. '35 C. S. A., chapter 102, §24. Perhaps it is worthy of remark that our Court of Appeals has held that book entries, corresponding as to dates and amounts with endorsements of payments entered on a note, are admissible to corroborate the note endorsements. *Coulter v. Bank*, 18 Colo. App. 444, 72 Pac. 602. Here, however, plaintiff, although having made certain entries in its books, had not, as we have seen, credited the alleged payments by endorsement on the note proper. However the rule announced by the Court of Appeals may be regarded, we cannot think the entries in plaintiff's books, in the circumstances here, constituted legal basis for the court's

conclusion that the bar of the statute had been lifted. The entered credits, constituting plaintiff's reliance, were without necessary evidentiary support. Mere book entries of partial payment credits are not sufficient to interrupt the statute of limitations, or revive a barred debt. 37 C. J., p. 1151, §629.

Let the judgment be reversed, the court to enter order of dismissal of plaintiff's complaint.

MR. JUSTICE BOCK and MR. JUSTICE BURKE concur.