No. 14,715.

BLEVINS ET AL. *v.* MILLER ET AL.
(114 P. [2d] 301)

Decided March 17, 1941.   Rehearing denied June 16, 1941.

Mr. L. C. KINIKIN, for plaintiffs in error.

Messrs. BRYANT & STUBBS, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT to quiet title to water rights. Judgment was given plaintiffs in error, plaintiffs below, for two-thirds of the claimed rights, while as to the remaining one-

third thereof, defendants in error, as defendants, prevailed. The costs were adjudged in like proportions.

The controversy has to do with "Supply Ditch" and water right priority No. 16, under a decree of the Montrose District Court, for two cubic feet of water per second of time from the Uncompahgre river for irrigation of lands in sections 33 and 34, township 49 north range 9 west, New Mexico Principal Meridian, Montrose county, which plaintiffs claimed to own and possess, and in which, as they alleged, defendants in error asserted some interest, but had none, as further alleged, or, if ever so interested, abandonment obtained. Defendants claimed the same water rights under deeds of conveyance from the original owners, and denied abandonment.

It appears that at one time the predecessors of defendants owned all of the water rights involved, and that in recognition thereof the predecessors in interest of plaintiffs contracted with such owners in writing to the effect that they should have, own and possess an undivided two-thirds of said water rights, while defendants' predecessors should retain, have, own and possess the remaining one-third interest. The contract was introduced in evidence by plaintiffs and its legal sufficiency is not questioned. Plaintiffs claim that subsequently, through abandonment, as already stated, defendants lost their right to the one-third interest retained pursuant to the contract.

On the issue thus presented the court received evidence, and, in the light thereof, found and decreed as set forth in the opening paragraph of this opinion. We cannot regard the problem other than as one of fact, and, as is not unusual, the witnesses were not in accord. The trial court, concluding from the evidence that abandonment had not been established, resolved adversely to that contention. Considering the record, and respecting well recognized procedural rules, as we must, we may not disturb the conclusion reached by the tribunal clothed with fact finding powers.

Let the judgment be affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE BAKKE and MR. JUSTICE OTTO BOCK concur.