No. 14,880.

MACGINNIS *v*. PICKETT.
(123 P. [2d] 410)

Decided February 24, 1942.

Mr. W. J. L. CRANK, Mr. GUY D. DUNCAN, for plaintiff in error.

Mr. M. M. BULKELEY, Mr. WILLIAM B. PAYNTER, for defendant in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS action was instituted in the district court of Yuma County September 7, 1938 on a promissory note by the assignee of the payee. Answering, defendant set up three defenses: First, after admitting the execution of the note, a general denial was pleaded; second, full payment, and a third defense denied the payment of Ten Dollars on July 17, 1933 (hereinafter referred to) and pleaded the statute of limitations.

Plaintiff introduced in evidence the note in suit. It was dated January 19, 1927, was for the principal sum of $1,400.00, and was made payable to the order of W. D. MacGinnis six months after date. On the back thereof is an endorsement, "paid July 17th, 1933, $10.00," below which appear the words "pay to Mrs. May McGinnis November 24, 1934. W. D. McGinnis." Plaintiff's case, in addition to the note, consisted of testimony showing that W. D. MacGinnis had, on July 14, 1933, when he still was the owner and holder of the note, gone from Denver to Wray, Colorado, for the purpose of working out a settlement; that he met the defendant, Pickett, maker of the note, in a bank at Wray; that very shortly thereafter the above mentioned endorsement of a ten dollar payment appeared on the note.

Gerald MacGinnis, a son of plaintiff and of W. D. Mac-Ginnis, testified that the endorsement was in the handwriting of W. D. MacGinnis, the payee, who had died prior to the bringing of the action.

After introducing the foregoing evidence plaintiff rested her case and the court, upon motion of the defendant, granted a nonsuit and entered judgment in favor of defendant, to review which plaintiff has sued out a writ of error.

In granting the motion for a nonsuit the trial court relied upon sections 1 and 24, chapter 102, '35 C.S.A. The pertinent part of section 1 reads as follows:

"§1. The following actions shall be commenced within six years, next after the cause of action shall accrue, and not afterwards:

"First—All actions of debt founded upon any contract or liability in action."

Section 24 reads as follows: "§24. Payment—Endorsement by Payee of Notes no Evidence.—Nothing in the three preceding sections shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person; but no endorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the party to whom such payment shall be made, or purport to be made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions of this chapter."

■■ We believe the trial court was correct in its application of the law to the facts in this case. It is clear that the six year statute of limitations operates as a bar to this action, unless the endorsement of the ten dollar payment on the note as of July 17, 1933, operates as a renewal or revival thereof. Counsel for plaintiff argue that the evidence introduced on her behalf established a prima facie case by reason of such endorsement, but section 24, supra, expressly negatives this conten-

tion. Plaintiff's evidence consisted of merely showing an endorsement on the note by payee, but under section 24 she had to do more than that. We have held that this section establishes a rule of evidence and not a rule of pleading; that it was not intended to lessen the effect of a payment, but to require proof that a payment was in fact made whenever it shall be relied upon to revive an action otherwise barred. *Meyer v. Binkleman,* 5 Colo. 262, 264. We also have held that, in an action on a promissory note, the burden of proving part payment so as to remove the bar of the statute of limitations is upon the plaintiff (*Manby v. Sweet Investment Co.,* 78 Colo. 371, 242 Pac. 51); and the burden of proof is upon plaintiff to establish such payment or extension by a preponderance of the evidence. *Gregory v. Filbeck's Estate,* 20 Colo. App. 131, 77 Pac. 369. The case of *Christensen v. Mercantile Company,* 104 Colo. 463, 91 P. (2d) 999, merely confirms our position as stated in the cases already referred to.

As we said in *Meyer v. Binkleman, supra:* "Without such a requirement there would practically be no bar to an action upon a promissory note, for the simple endorsement of a credit without payment in fact, would always operate to revive the cause of action. Under the statute, however, the plaintiff must not only state a subsisting cause of action, but he must prove such a cause."

We also note, as stated in *Brown v. Brown* (St. Louis C.A.), 5 S.W. (2d) 644, that, "Generally speaking the rule is well established that the mere endorsement of a partial payment upon a note will not in itself toll the running of the statute of limitations." See, also, *Slagle v. Box,* 124 Ark. 43, 186 S.W. 299; *Kennedy v. Kennedy,* 197 Ky. 784, 248 S.W. 182; *MacDiarmid v. Steele,* 162 N.Y.S. 263, 176 App. Div. 313; *Agurs v. Putter,* 19 La. App. 550, 140 So. 833; *Hiscock v. Hiscock,* 257 Mich. 16, 240 N.W. 50, 78 A.L.R. 953; *Easter v. Easter,* 44 Kan. 151, 24 Pac. 57; *Kendall v. Clarke,* 90 Ky. 178, 13 S.W. 583; *McKinlay v. Gaddy,* 26 S.C. 573, 2 S.E. 497;

*Thompson v. Collier,* 170 Ala. 469, 54 So. 493; *Berryman v. Becker,* 173 Mo. App. 346, 158 S.W. 899; *Arthur & Co. v. Burke,* 83 Wash. 690, 145 Pac. 974; *Scott v. Christenson,* 46 Ore. 417, 80 Pac. 731; *Keel v. Rudsell,* 13 Ohio Cir. 199.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.