## No. 15,672.

### CAPEK v. MONAHAN.
(184 P. [2d] 501)

Decided August 25, 1497.

Mr. WILLIAM B. PAYNTER, for plaintiff in error.

Messrs. CHUTKOW, ATLER & BERENBAUM, Mr. JOHN A. CROSS, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE STONE and MR. JUSTICE ALTER.

PER CURIAM.

WE shall refer to the parties as they appeared in the trial court. Plaintiff sued as assignee of a deceased payee on two unsecured promissory notes, admittedly executed by defendant, one for $3,640.00 and the other for $617.00, the latter being for past due interest on the principal note. The larger note was a renewal note for an existing indebtedness. Plaintiff alleged that in September, 1938, defendant paid five dollars on the larger note, and in October, 1938, a like sum on the smaller note, thereby tolling the running of the statute of limitations. These payments were denied by defendant, who pleaded the bar of the statute. Trial was to the court, which resulted in a judgment in favor of plaintiff, and defendant brings the cause here by writ of error.

There is but one question presented, viz: "Were these two payments of five dollars each made?"

Competent evidence was introduced by plaintiff to show that the payments were in fact made, and in addition thereto, two witnesses testified that in the spring of 1939, before the statute of limitations had run, defendant admitted the two five dollar payments, and, when requested to execute renewal notes, declined, saying that he considered the five dollar payments had renewed the notes. These statements were denied by defendant. The court by its findings and judgment determined that this conversation, to which the two witnesses for plaintiff testified, took place and that defendant knew the legal effect of the making of the payments.

■■ The burden of proof was upon plaintiff to establish that the running of the statute of limitations had been tolled. *Meyer v. Binkleman,* 5 Colo. 262; *Manby v. Sweet Investment Co.,* 78 Colo. 371, 242 Pac. 51; *MacGinnis v. Pickett,* 109 Colo. 169, 123 P. (2d) 410; *Gregory v. Estate of Filbeck,* 20 Colo. App. 131, 77 Pac. 369; *Van Diest v. Towle,* 116 Colo. 204, 179 P. (2d) 984. The trial judge heard the evidence, considered the questions of the credibility of the witnesses offered by the parties and their motives, and found that plaintiff had sustained the required burden of proof on the issue presented. The question being one of fact, the finding will not be disturbed on this review. *Gregory v. Estate of Filbeck, supra; Blevins v. Miller,* 108 Colo. 74, 114 P. (2d) 301; *Hansen v. Jones,* 115 Colo. 1, 168 P. (2d) 263.

Plaintiff alleged, and proved to the satisfaction of the trial court, that the two five dollar payments had been made in 1938. That defendant was in correspondence with plaintiff's assignor (who then was residing in California) in the fall of 1938 is established by the record. The trial judge was liberal in permitting evidence to be introduced by both parties, and on the evidence concluded that the defendant had made a studied effort to

avoid placing himself on record in writing regarding these payments, by making which he would keep the aged assignor of plaintiff appeased. The trial judge remarked: "He [defendant] figured it was an old debt to an old man and the time would soon come when the old man would be gone, and if there was no evidence of his renewing the indebtedness the statute would protect him. * * * In the letters enclosing each of these payments he astutely refrained from making any mention of any payment so there would be nothing in writing to prove the same." The evidence justified the court's conclusion.

 There must be "proof that a payment was in fact made whenever it shall be relied upon to revive an action otherwise barred." *MacGinnis v. Pickett, supra.* The plaintiff produced such proof which satisfied the trial judge.

 Defendant contends the provision of these notes for twelve per cent interest after maturity is unconscionable and unenforceable. The provision did not contravene any statute, was agreed upon by the parties, and under our ruling in *McKay v. Belknap Savings Bank,* 27 Colo. 50, 59 Pac. 745, and that of our Court of Appeals in *Eccles v. Herrick,* 15 Colo. App. 350, 62 Pac. 1040, was valid and enforceable. See, also, 12 A.L.R. 373.

The judgment is affirmed.

In this case acknowledgment is made of the gratuitous and valuable services rendered by Hon. Francis J. Knauss, district judge, as referee, under our Rule of June 9, 1947.