Taet, J.,
dissenting in part. Probably, most of the conflict of judicial opinion connected with the statute of limitations, which is mentioned in the majority opinion, is due either to differences in the applicable statutory provisions or a failure to consider and apply the applicable statutory provisions in accordance with their terms.
*418 In the majority opinion it is stated:
“In some states statutes of limitation specifically provide that the right of recovery as well as the right to bring the action is extinguished by the running of the statute. The statutes of Ohio do not so provide but it has long been the law of Ohio that the debtor may defeat recovery by asserting the running of the statute of limitations. This right of the debtor to defeat recovery by pleading the statute of limitations must be kept in mind when the courts assert, as is said in Taylor v. Thorn, Admr., 29 Ohio St., 569, 573: ‘ They do not extinguish the debt nor affect its validity. They merely withhold from the owner thereof the right to employ remedial process for its collection.’ ”
That this is a correct statement of the law of Ohio, as it existed heretofore, is apparent on an examination of our statutes.
Section 11218, General Code, reads so far as pertinent :
“A civil action, unless a different limitation is prescribed by statute, can be commenced only within the period prescribed in this chapter. When interposed by proper plea by a party to an action mentioned in this chapter, lapse of time shall be a bar thereto as herein provided.”
In the same chapter, Section 11221 provides:
“An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued.”
In the subsequent chapter of the Code of Civil Procedure relating to pleading, Section 11309 provides so far as pertinent:
“The defendant may demur to the petition only when it appears on its face either:
‘ ‘ 9. That the action was not brought within the time limited for the commencement of such actions * * *”
*419 Section 11310 provides:
“The demurrer shall specify the grounds of objection to the petition. Unless it does so, it shall be regarded as objecting only that the court has no jurisdiction of the subject of the action, or that the petition does not state facts which show a cause of action.”
Section 11311 provides:
“When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action.” •
In accordance with Section 11311, General Code, and the prior similar statutory provisions upon which it is based, this court has always held that the defense of the statute of limitations is waived if not raised by demurrer or answer. See, for example, Lockwood v. Wildman, 13 Ohio, 430; Sturges v. Burton, 8 Ohio St., 215, 72 Am. Dec., 582; McKinney v. McKinney, 8 Ohio St., 423; Vose v. Woodford, 29 Ohio St., 245; B. & O. R. R. Co. v. Lersch, 58 Ohio St., 639, 51 N. E., 543.
Therefore, it is apparent from the foregoing that, after the statutory period of limitations has elapsed, the statute of limitations operates merely as a bar against the commencement of a civil action and does not destroy the right of action. Thus, after the prescribed statutory period has elapsed, the right of action still exists although, if the statute of limitations is pleaded by demurrer or answer, that right of action cannot be the basis for a civil action.
The administrator bases his right of setoff on Section 10509-186, which is a part of the Probate Code and no part of the Code of Civil Procedure relating to civil actions.
*420 When that statute was first enacted in 1932, the General Assembly was presumably familiar with the construction, hereinbefore described, which this court had given to the foregoing portions of the Code of Civil Procedure relating to limitations of action. Section 10509-186, General Code, reads:
“When a beneficiary of an estate is indebted to such estate, the amount of the indebtedness if due, or the present worth of the indebtedness, if not due, may be set off by the executor or administrator against any testate or intestate share of the estate to Avhicb such beneficiary is entitled.”
Notwithstanding the fact that the statutory period of limitations may have elapsed, there was still a right of action on behalf of the administrator in the instant case against Bridget McGovern on the indebtedness evidenced by the note which she and her husband executed and delivered to Patrick Connolly, even though that right of action might have been defeated in a civil action brought by the administrator against Bridget McGovern, if the statute of limitations had been properly pleaded by demurrer or answer. No statute can be referred to which would justify the conclusion that, after the statutory period of limitations for an action on that indebtedness, Bridget McGovern, to use the language of Section 1050.9-186, General Code, was no longer “indebted” thereon or that her “indebtedness” was not “due.”
That statutory section provides generally that the amount of such indebtedness “may be set off by the * * * administrator against any testate or intestate share of the estate to which such beneficiary is entitled.” There is no statutory provision that it may not he set off after the expiration of the statutory period within which a civil action thereon might have been commenced.
*421 In accordance with paragraph sis of the syllabus and the portion of the majority opinion supporting that paragraph, we agree that the Court of Appeals erred in rendering final judgment instead of remanding the cause to the Common Pleas Court for further proceedings.